CHARLES ARTHUR BROWN, JR. *v.* STATE OF INDIANA.

[No. 971S262. Filed August 20, 1973.]

*James J. Olson, F. Richard Kramer,* of South Bend, for appellant.

*Theodore L. Sendak,* Attorney General, *Robert F. Colker, Assistant Attorney General,* for appellee.

HUNTER, J.—This is an appeal by Charles Arthur Brown from an adverse ruling by the St. Joseph County Circuit Court.

On December 5, 1969, the State of Indiana filed an affidavit against the defendant-appellant for second degree burglary. Thereafter on June 29, 1970, said defendant entered a plea of not guilty. In January 27, 1971, the private counsel for the defendant withdrew his appearance and on February 16, the defendant informed the Court that he was unable to afford private counsel to represent him and requested the Court to appoint counsel on his behalf. At that time the Court appointed the St. Joseph County Public Defender.

The State of Indiana on May 10, 1971, filed a second count, the same being an affidavit for entering to commit a felony. On said date the defendant appeared in person and by counsel, the St. Joseph County Public Defender, and entered a plea of guilty to Count II, that being entering to commit a felony. The defendant was ordered referred to the adult probation department for pre-sentence investigation.

On May 27, the defendant appeared before the Court for disposition of the matter. At that time the Court inquired of the defendant as to his name, his age and inquired of the defendant as to whether or not he knew of any legal reason why the Court should not impose sentence. The Court then proceeded to find the defendant guilty on his plea of guilty on Count II, the same being entering to commit a felony, and sentenced the defendant to the Indiana State Reformatory for a period of not less than one year nor more than five years. The state then filed a written motion to dismiss Count I, to-wit: burglary in the second degree, which was granted.

On June 9, 1971, the defendant filed a verified motion to vacate the judgment entered by the trial court on May 27, and to allow him to withdraw his plea of guilty and enter a plea of not guilty and a memorandum in support thereof. Thereafter, on June 15, the State of Indiana filed its verified answer to defendant's motion to vacate the judgment. On June 17, the defendant filed a supplemental memorandum in support of his motion to vacate judgment and on that day an evidentiary hearing was had before the trial court as to the issues raised in the motion and the answer thereto. At the conclusion of the evidence, the trial court denied the defendant's petition to vacate the judgment and remanded the defendant back to the custody of the sheriff. This appeal followed.

The sole issue before this Court is whether the trial court erred in denying the defendant-appellant's motion to vacate the court's judgment and to allow him to withdraw his guilty plea and enter a plea of not guilty.

Appellant contends there was error and asserts two specifications in support thereof:

(1) The evidence establishes that his guilty plea was not given freely, knowingly and understandingly, and without threat, duress, fear or misrepresentation;

(2) At the time of accepting the guilty plea, the trial court failed to inquire or to make a record of whether or not said plea was given freely, knowingly, and without fear or duress, and that such failure constitutes a violation of the due process clause of the Fourteenth Amendment to the United States Constitution.

As a general rule, the withdrawal of a guilty plea is within the sound discretion of the trial court. *Thacker* v. *State* (1970), 254 Ind. 665, 262 N. E. 2d 189; *Mahoney* v. *State* (1925), 197 Ind. 335, 149 N. E. 444. This Court will generally not disturb the trial court's

ruling, unless the trial court abuses its discretion. *Thacker, supra.*

We believe, in the case at bar, that the trial court did, in fact, abuse its discretion and that, therefore, its ruling must be reversed.

In *Boykin* v. *Alabama* (1969), 395 U.S. 238, 23 L. Ed. 2d 274, 89 S. Ct. 1709, the United States Supreme Court held that an Alabama trial court committed reversible error by accepting a guilty plea without an affirmative showing on the record that it was given intelligently and voluntarily. The Court adopted the position that waiver of constitutional rights may not be presumed from a silent record:

> "Several federal constitutional rights are involved in a waiver that takes place when a plea of guilty is entered in a state criminal trial. First, is the privilege against compulsory self-incrimination guaranteed by the Fifth Amendment and applicable to the States by reason of the Fourteenth. Malloy v. Hogan, 378 U.S. 1, 12 L. Ed. 2d 653, 84 S. Ct. 1489. Second, is the right to trial by jury. Duncan v. Louisiana, 391 U.S. 145, 20 L. Ed. 2d 491, 88 S. Ct. 1444. Third, is the right to confront one's accusers. Pointer v. Texas, 380 U.S. 400, 13 L. Ed. 2d 923, 85 S. Ct. 1065. We cannot presume waiver of these three important federal rights from a silent record." At 279.

> A trial court, therefore, is charged with the responsibility of providing an adequate record for any subsequent review.

The *Boykin* case merely gave constitutional dismension to an established rule of Indiana criminal procedure. Criminal Rule 10 (formerly Supreme Court Rule 1-11), requires that all proceedings incidental to the taking of a guilty plea be made a part of the record. CR. 10 reads in part as follows:

> "Whenever upon arraignment a plea of guilty to an indictment or affidavit charging a felony is accepted from any defendant, who on the date of arraignment or on a later day is sentenced upon said plea, the judge shall cause the court reporter to record the entire proceedings in connection with such arraignment and sentencing including questions,

answers, statements made by the defendant and his attorney, if any, the prosecuting attorney and the judge, and promptly thereafter to transcribe the same in form similar to that in general use as a transcript of evidence in a trial."

This Court in *Campbell* v. *State* (1951), 229 Ind. 198, 202, 96 N. E. 2d 876, discusses the purpose of the above rule:

"One of the reasons for the adoption of Rule 1-11 supra by this court is to provide an unimpeachable record showing the extent of the inquiry into the facts, circumstances and conditions made by the trial court to ascertain at the time whether the offered plea of guilty is made freely and understandingly. Without such record the trial court is, by its own volition, shorn of the procedural facts that might protect its judgment from attack."

The trial court made the following record on May 10, 1971, the day on which the defendant-appellant entered his guilty plea:

"State of Indiana files Count Two, Affidavit for Entering to Commit a Felony. Warrant ordered issued. No additional bond is set. Defendant appears in person and by counsel, Attorney Lamberson, and the State by Deputy Prosecuting Attorney Mayette. *Defendant in person and by counsel waives any further arraignment in this cause and pleads guilty to the charge contained in Count Two*. Affidavit for Entering to Commit a Felony. Defendant is now ordered referred to the Adult Probation Department for a presentence investigation to report to this Court at an early date. The above and foregoing record in Cause No. CR. 15768, State of Indiana v. Charles Arthur Brown, Jr. was submitted to the presiding Judge, the Honorable Joseph W. Nyikos, upon arraignment of said defendant, and said Judge having read the same now certifies it as a true and complete record of the proceedings had in this cause on this date. The Court now orders the same made a part of the record in this cause and orders it made a part of the order book entry by the Clerk. Dated this 10th day of May, A.D. 1971." (Emphasis added.)

There is no indication in the above of any inquiry as to the voluntariness of the plea nor as to the defendant-appellant's understanding of the nature of the plea and its ramifications or his constitutional rights. There simply is no record from

which an appellate court can determine the existence or nonexistence of intelligent, knowing waiver; we are simply unable to make any determination regarding a waiver or a lack thereof.

Therefore, we hold that the trial court abused its discretion by denying the defendant-appellant's motion. The trial court's ruling offends due process, because it implicitly condones constitutional infirmities on the record—infirmities which are the result of judicial error. We are not deciding the merits of this case, i.e., whether there was an intelligent, knowing waiver not induced by threats or duress. There may well have been a constitutionally permissible waiver, *but such is not reflected on the record.*

For all the foregoing reasons, the judgment of the trial court is hereby reversed, and the cause remanded to the trial court for a new trial. The trial court is expressly directed to accept withdrawal of appellant's guilty plea and permit a plea of not guilty to be entered.

Judgment reversed and remanded with instructions.

Arterburn, C.J., DeBruler, Givan and Prentice, JJ., concur.

NOTE.—Reported in 300 N. E. 2d 83.