FLORENTINO A. GARCIA *v.* STATE OF INDIANA.

[No. 3-774A130. Filed May 1, 1975.]

*Anthony V. Luber,* of South Bend, for appellant.

*Theodore L. Sendak,* Attorney General, *Robert F. Colker,* Assistant Attorney General, for appellee.

GARRARD, J.—The defendant, Garcia, was charged with first degree burglary. On December 19, 1973, he indicated his desire to withdraw his original not guilty plea and enter a plea of guilty.

Acceptance of the plea was subject to the procedures set forth in IC 1971, 35-4.1-1-1 (Acts 1973, promulgated July 26, 1973.)

In the proceeding that followed, the court advised Garcia regarding the offense, its penalty, and the fact that probation was not possible. Garcia was also told that if he pleaded guilty he waived his right to trial by jury, or by the court. However, the record discloses no other determination made by the court regarding Garcia's understanding of his constitutional rights.

That deficiency was asserted in Garcia's subsequent verified motion to withdraw his guilty plea and in the motion to correct errors addressed to the court's refusal to permit withdrawal of the plea.

IC 1971, 35-4.1-1-3 specifically requires that:

"The court shall not accept a plea of guilty from the defendant without first addressing the defendant and

\* \* \*

(c) informing him that by his plea of guilty he waives his rights to a public and speedy trial by jury, to face the witnesses against him, to have compulsory process for obtaining witnesses in his favor and to require the state to prove his guilt beyond a reasonable doubt at a trial at which the defendant may not be compelled to testify against himself; . . ."

It was error for the court to fail to follow the mandate of the statute.

The state, however, urges that the error does not require reversal because the record affirmatively discloses that Garcia was advised of his constitutional rights by his own attorney prior to entry of the plea.

IC 1971, 35-4.1-1-6 provides that where a motion to withdraw a guilty plea is made after judgment and imposition of

sentence, the court will not be deemed to have abused its discretion in denying the motion unless withdrawal of the plea is necessary to correct manifest injustice. The statute provides that such a motion is to be treated as a petition for post conviction relief. The movant has the burden of establishing his grounds for relief by a preponderance of the evidence. However, the statute also provides that withdrawal of the plea is necessary to correct manifest injustice whenever the plea was not knowingly and voluntarily made.

As stated in *Boykin* v. *Alabama* (1969), 395 U.S. 238, and the companion Indiana decisions,[1] one of the determinatives of a knowing, voluntary plea is whether the defendant was apprised of the constitutional rights he would waive by pleading guilty.

It should be noted, however, that the constitutional law aspect of the court's failure to itself advise the defendant of his rights is underpinned by the rule that waiver may not be presumed from a silent record. *Boykin, supra; Williams* v. *State* (1975), 263 Ind. 187, 325 N.E.2d 827; *Brown* v. *State* (1973), 261 Ind. 50, 300 N.E. 2d 83.

In *Campbell* v. *State* (1975), 262 Ind. 594, 321 N.E.2d 560, 563, 564, our Supreme Court, in affirming a conviction based upon a pre-*Boykin* guilty plea, observed:

> "We agree that *the failure of a record to show affirmatively* that a trial court advised the defendant of each of his constitutional rights as enumerated in *Boykin,* or *that he was otherwise aware of such guaranties,* is reversible error in cases arising subsequent to *Boykin.*" (Emphasis added)

Most recently the Court in *Williams, supra,* sustained a conviction where the record at the time the guilty plea was entered clearly disclosed advisement of the defendant albeit not by the court.

---

1. See, e.g. *Brown* v. *State* (1973), 261 Ind. 50, 300 N.E.2d 83; *Brimhall* v. *State* (1972), 258 Ind. 153, 279 N.E.2d 557; *Lovera* v. *State* (1972), 152 Ind. App. 377, 283 N.E.2d 795.

It would appear that the Court's reasoning in *Williams* would apply equally under the statute[2] since the defendant presumably could show no prejudice from violation of the statutory language directing the court to give the advice where the record demonstrates clearly that he was in fact advised. But, see: *Williams, supra,* n. 1

In any event, the risks of delayed criminal justice and waste of judicial time and energy clearly indicate the value of the court ascertaining these matters for itself on the record when the plea is accepted.

In the present case, at the hearing on Garcia's motion to withdraw his plea, his trial attorney testified specifically to the advice he had given Garcia regarding his constitutional rights. In that testimony, no mention whatever is made of Garcia's right to confront and examine the witnesses against him or that the state was required on trial to prove him guilty beyond a reasonable doubt.

Whether these failures resulted from inadvertence at the time Garcia was advised, or simply from inadvertence in presenting the attorney's testimony matters not.

We are confronted with a record which is silent on two of a criminal defendant's substantial rights. We must therefore reverse. *Bonner v. State* (1973), 156 Ind. App. 513, 297 N.E.2d 867.

Reversed with instructions.

Staton, P.J., concurs with opinion; Hoffman, J., concurs.

### CONCURRING OPINION

STATON, P.J.—The post conviction record, which consisted of a defense counsel's testimony as to what Garcia was advised regarding his constitutional rights before he entered his guilty plea, can not be substituted for a silent guilty plea record on appeal. Both the Statute, IC 1971, 35-4.1-1-3 and

---

2. IC 1971, 35-4.1-1-3 is broader than, but includes all, the matters specifically enumerated in *Boykin.*

*Boykin, supra,* prohibit any attempted rehabilitation of the guilty plea proceedings. Additionally, *Indiana Rules of Criminal Procedure,* CR. 10, contemplates that only the record made at the time when the guilty plea is offered by the defendant and accepted by the trial court be reviewed on appeal.[1]

*Campbell* v. *State* (1975), 262 Ind. 594, 321 N.E.2d 560, was dealing with a pre-*Boykin* guilty plea.[2] There was no question of voluntariness in *Campbell*—the only question was whether the guilty plea was made knowingly and intelligently.[3] Justice Prentice, writing for the Indiana Supreme Court in *Campbell,* stated: "However, for the reasons expressed in *Conley* v. *State* (1972), [259] Ind. [29], 284 N.E.2d 803, we decline to follow *Boykin* as was done in *Brimhall* and *Bonner.* . . . In *Conley,* we declined to give *Boykin* retroactive application and held that in the absence of an allegation and the showing of ineffective counsel, we would conclude that the attorney provided full and adequate assistance." 321 N.E.2d at 563-4. The Indiana Supreme Court concluded in *Campbell* that it would not apply *Boykin* retroactively and that the record clearly indicated that the guilty plea was knowingly and intelligently entered.

NOTE.—Reported at 326 N.E.2d 822.

---

1. *Indiana Rules of Criminal Procedure,* CR. 10 provides: ". . . Thereafter in any proceeding questioning the validity of such arraignment, plea of guilty or judgment rendered thereon, such transcript shall be taken and considered as the record of the proceedings transcribed therein and upon appeal the original may be incorporated without copying as a part of the record in such appeal over the certificate of the clerk or a copy of said transcript may be included in a bill of exceptions."

2. "However, this defendant's guilty plea came two years before *Boykin* was decided." *Campbell, supra,* 321 N.E.2d at 564. Campbell's guilty plea also preceded the Statute, IC 1971, 35-4.1-1-3.

3. Two issues were identified and discussed in *Campbell, supra:* ". . . It presents two issues: (1) If the defendant lacked knowledge of whether or not he was guilty, as he alleged, was his guilty plea thereby rendered void? (2) Did the trial court's failure to advise the defendant of his constitutional right to confront his accusers and of the constitutional prohibition against compulsory self-incrimination render his guilty plea void? . . ." 321 N.E.2d at 561.