RICHARD A. SHARPE *v.* STATE OF INDIANA.

[No. 2-1073A210. Filed September 12, 1974.]

*Harriette Bailey Conn* [*Mrs.*], Public Defender of Indiana, *William B. Bryan,* Deputy Public Defender, for appellant.

*Theodore L. Sendak,* Attorney General, *David A. Miller,* Deputy Attorney General, for appellee.

## CASE SUMMARY

BUCHANAN, J.—Petitioner-Appellant Richard A. Sharpe (Sharpe) appeals from the trial court's denial of his petition for post conviction relief from conviction of armed robbery claiming that his guilty plea was not entered voluntarily and

knowingly because he was not sufficiently advised of his state and federal constitutional rights.

We reverse and remand.

## FACTS

Sharpe was originally charged by indictment with the crime of robbery on September 30, 1969. On January 12, 1970, he was charged by affidavit with commission of robbery while armed (count 2), to which charge he appeared before the trial court with counsel and pleaded guilty.

Pertinent parts of the guilty plea hearing are:

THE COURT: Anybody interested in this case, please come forward.

MR. WURSTER: The Defendant wishes to waive arraignment, and enter a plea of Guilty to Count Two (2), at this time.

THE COURT: Let's go again. 69-1012; State of Indiana against Richard A. Sharpe. State files second count, charging the defendant with Commission of Robbery, While Armed. How does the defendant plead?

MR. WURSTER: Waives arraignment, and enters a plea of Guilty to Count Two (2), Your Honor.

THE COURT: Does the State consent?

MR. MILLEN: State consents.

THE COURT: Is that what you want to do?

DEFENDANT SHARPE: Yes.

THE COURT: Your right hands. Do each of you solemnly swear that the testimony that you are about to give will be the truth, the whole truth, and nothing but the truth, so help you God? Mr. Sharpe, I've got to ask you some questions. First of all, are you over sixteen (16) years? How old are you?

DEFENDANT SHARPE: Thirty-two (32).

THE COURT: Are you married?

DEFENDANT SHARPE: No.

THE COURT: Children?

DEFENDANT SHARPE: Two (2).

THE COURT: Two (2) children? How old?

DEFENDANT SHARPE: One's ten (10) and one's three (3).

THE COURT: She can't hear you.

DEFENDANT SHARPE: Ten (10) and three (3).

THE COURT: You talk real loud into that, will you, sir?

DEFENDANT SHARPE: Yes, sir.

THE COURT: Your lawyer says that you want to plead Guilty to hitting somebody over the—with a brick, and scaring somebody out of Thirty-five Dollars ($35.00), James Ellison. Is that true?

DEFENDANT SHARPE: Yes, sir.

THE COURT: This man here, did you scare him out of Thirty-five Dollars ($35.00) or some money, with a brick?

DEFENDANT SHARPE: Yes, Your Honor.

THE COURT: Did anybody force you to plead Guilty?

DEFENDANT SHARPE: No.

THE COURT: Are you doing this all on your own?

DEFENDANT SHARPE: Yes, sir.

THE COURT: Do you know what a jury is?

DEFENDANT SHARPE: Yes, I know what a jury is.

THE COURT: Twelve (12) people, sits there, and we've got them in another room, waiting, if you want a jury. Do you want a jury?

DEFENDANT SHARPE: No.

THE COURT: Are you satisfied with Mr. Wurster, your lawyer?

DEFENDANT SHARPE: Yes, sir.

THE COURT: Are you satisfied with the prosecuting attorney?

DEFENDANT SHARPE: Yes.

(Evidence was then presented concerning the alleged offense which was followed by a further inquiry into the appellant's guilty plea).

THE COURT: Do you want to plead Guilty to this, Sharpe?

DEFENDANT: Yes, sir.

THE COURT: Alright, he's doing it voluntarily, and knows what he's doing. Are you satisfied with Mr. Wurster, your lawyer? I asked you that, didn't I?

DEFENDANT SHARPE: Yes.

THE COURT: Are you satisfied with me as your judge, or do you want somebody else?

DEFENDANT SHARPE: No, I'm satisfied with you.

THE COURT: Do you want to talk to your lawyer a minute?

DEFENDANT SHARPE: Yes.

THE COURT: Alright.

WHEREUPON, DEFENDANT CONFERRED WITH COUNSEL

THE COURT: Have you talked to your lawyer?

DEFENDANT SHARPE: Yes.

THE COURT: Is that the way you want to do it, plead Guilty to this?

DEFENDANT SHARPE: Yes.

THE COURT: Alright. Finding of Guilty.

On January 16, 1970, Sharpe was sentenced to the Indiana State Prison for a determinate period of ten years.

He then filed a petition for post conviction relief alleging the affidavit to be insufficient and incompetency of counsel. Upon denial of his petition he filed a Motion To Correct Errors, in which Sharpe for the first time raised the question of the voluntariness of his guilty plea . . . and now appeals from the court's action in overruling this Motion.

## ISSUE[1]

Does the transcript of Sharpe's guilty plea hearing indicate he was sufficiently advised of his constitutional rights so as to enter his guilty plea knowingly and voluntarily?

1. Because we reverse, it is unnecessary to consider other errors. [*Burk* v. *State* (1971), 257 Ind. 407, 275 N.E.2d 1, 4; *Cook* v. *Am. States Ins. Co.* (1971), 150 Ind. App. 88, 275 N.E.2d 832, 841; *Selner* v. *Fromm* (1969), 145 Ind. App. 378, 251 N.E.2d 127, 131.]

## DECISION

CONCLUSION—It is our opinion that the transcript of Sharpe's guilty plea hearing indicates that he was not sufficiently advised of his constitutional rights in order to voluntarily enter a plea of guilty with knowledge of the consequences thereof.

Sharpe must prevail. The record is fatally defective in that it reveals he was not informed of his privilege against compulsory self-incrimination guaranteed by the Fifth Amendment to the United States Constitution and Article 1, § 14 of the Indiana Constitution and further he was not informed as to his right to confront his accusers contrary to Article 1, § 13 of the Indiana Constitution.

*See,*

*Boykin* v. *Alabama* (1969), 395 U.S. 238, 89 S.Ct. 1709, 23 L.Ed.2d 274; *Brimhall* v. *State* (1972), 258 Ind. 153, 279 N.E.2d 557; *Dube* v. *State* (1971), 257 Ind. 398, 275 N.E.2d 7; *Bonner* v. *State* (1973), 156 Ind. App. 513, 297 N.E.2d 867, 871.

There is no need for us to elaborate on the subject of waiver of constitutional rights by defendants entering guilty pleas as we have already done so at some length in *Bonner* v. *State, supra.*

As stated in *Bonner:*

"So, as the record is silent as to a knowing waiver by Bonner of his privilege against compulsory self-incrimination, contrary to *Boykin,* and is silent as to his right to confront his accusers, contrary to both *Boykin* and Article 1, § 13 of the Indiana Constitution, reversal is mandatory." ·

That guilty pleas should be surrounded by safeguards is understandable:

"A plea of guilty differs in purpose and effect from a mere admission or an extrajudicial confession; it is itself a conviction. * * * More is not required, the court has

nothing to do but give judgment and sentence." [*Kercheval* v. *United States* (1927), 274 U.S. 220, 223, 47 S.Ct. 582, 583, 71 L.Ed. 1009.]

Therefore, this case is reversed and remanded to the trial court with instructions to grant Sharpe's Petition For Post-Conviction Relief.

Sullivan, P.J. and White, J., concur.

NOTE.—Reported at 316 N.E.2d 410.