RAY D. HOWARD *v*. STATE OF INDIANA.

[No. 1-475A77. Filed December 8, 1975.]

*Harriette Bailey Conn*, Public Defender of Indiana, *Darrell F. Ellis*, Deputy Public Defender, for appellant.

*Theodore L. Sendak*, Attorney General, *John R. O'Bryan*, Deputy Attorney General, for appellee.

PER CURIAM:—Petitioner-appellant Howard appeals from an adverse ruling on his Petition for Post-Conviction Relief, claiming his guilty plea was not knowingly and voluntarily entered.

We reverse.

On April 15, 1971, Howard pleaded guilty to the crime of assault and battery with intent to commit the felony of robbery, and was sentenced to an indeterminate term of not less than one (1) nor more than ten (10) years. He contends that his guilty plea was not knowingly and voluntarily entered, in that he was not advised of his constitutional right to confront his accusers and his right against compulsory self-incrimination.

In *Boykin* v. *Alabama* (1969), 395 U.S. 238, 89 S.Ct. 1709, 23 L.Ed.2d 274, the United States Supreme Court decided that the record of a guilty plea hearing must affirmatively show that the defendant was advised that he waives by his plea three important federal constitutional rights. Under *Boykin*, the defendant must be advised of his right to confront his accusers, his right against compulsory self-incrimination and his right to a jury trial.

As stated in *Williams* v. *State* (1975), 263 Ind. 165, 325 N.E.2d 827, at 832:

"The essence of *Boykin* is that the record must affirmatively show that a defendant entering a guilty plea does so voluntarily and intelligently. Moreover, a plea could not be presumed to be made intelligently and understandingly where the record did not show that

defendant knew the federal rights which would be lost by his plea."

If the record of a guilty plea hearing fails to show that the defendant was advised of his federal rights when he pleaded guilty, reversal is required.[1] *Garcia* v. *State* (1975), 164 Ind. App. 92, 326 N.E.2d 822; *Williams* v. *State* (1975), 263 Ind. 165, 325 N.E.2d 827; *Sharpe* v. *State* (1974), 161 Ind. App. 449, 316 N.E.2d 410; *Thomas* v. *State* (1974), 159 Ind. App. 224, 306 N.E.2d 136; *Bonner* v. *State* (1973), 156 Ind. App. 513, 297 N.E.2d 867.

In the case at bar, Howard pleaded guilty without counsel and was not advised by the trial court of his right to confront his accusers before entering his plea.[2] This omission is fatal.

The judgment below is reversed and the cause remanded to the trial court with instructions to grant Howard's Petition for Post-Conviction Relief.

Reversed and remanded.

NOTE.—Reported at 338 N.E.2d 308.

---

1. The three important federal constitutional rights which an accused must be advised of before pleading guilty are akin to rights afforded under Article 1, Section 13 and Section 14 of the Indiana Constitution. See, *Bonner* v. *State* (1973), 156 Ind. App. 513, 297 N.E.2d 867, 872; *Lovera* v. *State* (1972), 152 Ind. App. 377, 283 N.E.2d 795, 798.

2. The guilty plea in this case was entered before the effective date (July 26, 1973), of Acts 1973, P.L. 325, § 4, p. 1750, being IC 1971, 35-4.1-1-3 (Burns Code Ed.). This statute places an affirmative duty on the trial court to inform an accused of his rights as follows:

"*Plea of Guilty—Defendant advised by court.*—The Court shall not accept a plea of guilty from the defendant without first addressing the defendant and

\* \* \*

"(c) informing him that by his plea of guilty he waives his rights to a public and speedy trial by jury, to face the witnesses against him, to have compulsory process for obtaining witnesses in his favor and to require the state to prove his guilt beyond a reasonable doubt at a trial at which the defendant may not be compelled to testify against himself; . . ."