JOHN RICK NORFREY *v.* STATE OF INDIANA.

[No. 1-476A64. Filed December 27, 1976. Rehearing denied January 18, 1977.]

*Harriette Bailey Conn*, [*Mrs.*], Public Defender of Indiana, *Darrell F. Ellis*, Deputy Public Defender, for appellant.

*Theodore L. Sendak*, Attorney General, *Robert F. Colker*, Assistant Attorney General, for appellee.

ROBERTSON, C.J.—Defendant-appellant, John Rick Norfrey (Norfrey), brings this appeal from the denial of his petition for post-conviction relief, Ind. Rules of Procedure, Post-Conviction Remedy Rule 1 (PCR. 1), wherein he contended that his guilty plea to a charge of robbery was not knowingly and intelligently entered.

We reverse and remand.

The essence of this appeal is the contention that the trial court did not comply with the provisions of IC 1971, 35-4.1-1-3 (Burns Code Ed.) and that, as a consequence, the trial court was entitled neither to presume the guilty plea was knowingly and intelligently entered nor to accept the guilty plea.

IC 1971, 35-4.1-1-3 which became effective July 26, 1973, provides:

 "Plea of guilty—Defendant advised by court.— The court shall not accept a plea of guilty from the defendant without first addressing the defendant and

(a) determining that he understands the nature of the charge against him;

(b) informing him by his plea of guilty he is admitting the truth of all facts alleged in the indictment or information or to an offense included thereunder and that upon entry of such plea the court shall proceed with judgment and sentence;

(c) informing him that by his plea of guilty he waives his rights to a public and speedy trial by jury, to face the witnesses against him, to have compulsory process for obtaining witnesses in his favor and to require the state to prove his guilt beyond a reasonable doubt at a trial at which the defendant may not be compelled to testify against himself;

(d) informing him of the maximum possible sentence and minimum sentence for the offense charged and of any possible increased sentence by reason of the fact of a prior conviction or convictions, and of any possibility of the imposition of consecutive sentences;

(e) informing him that the court is not a party to any agreement which may have been made between the prosecutor and the defense and is not bound thereby."

The record indicates that at the hearing on September 24, 1973, wherein Norfrey entered his guilty plea, the trial court inquired of Norfrey as to whether he had been coerced or promised anything to change his plea, whether he understood that he was admitting the essential allegations of the charge, and whether he had consulted with his attorney. Thus, the trial court did comply with the aforementioned statute, but only in part.

The language of IC 1971, 35-4.1-1-3 is unequivocal. There is no latitude given a trial court to vary from the express requirements of the statute. *Howard* v. *State* (1975), 167 Ind. App. 165, 338 N.E.2d 308 n. 2 states that the "statute places an affirmative duty on the trial court". Other decisions leave no doubt that a trial court must comply with the statute. *Williams* v. *State* (1975), 263 Ind.

165, 325. N.E.2d 827 n. 1; *Emert* v. *State* (1975), 263 Ind. 340, 330 N.E.2d 750 n. 1.

We are aware that in the course of the PCR hearing two exhibits were accepted into evidence which made it abundantly clear that Norfrey did knowingly and intelligently enter his guilty plea. Those exhibits were statements dated September 18, 1973 and September 20, 1973, the former written by Norfrey's attorney and the latter in Norfrey's own hand and both signed by Norfrey, specifying the various rights Norfrey was about to waive by his guilty plea. Those statements, taken together with the inquiries by the trial court at the September 21, 1973, hearing, comprise essentially the sum of the information that the statute requires the trial court to ascertain. The record, though, does not disclose that the trial court was cognizant of the existence of those statements at the time it accepted the guilty plea. As stated by Judge Staton in his concurring opinion in *Garcia* v. *State* (1975), 164 Ind. App. 92, 326 N.E.2d 822:

> "The post conviction record, which consisted of a defense counsel's testimony as to what Garcia was advised regarding his constitutional rights before he entered his guilty plea, can not be substituted for a silent guilty plea record on appeal. Both the statute, IC 1971, 35-4.1-1-3 and *Boykin,* *supra* prohibit any attempted rehabilitation of the guilty plea proceedings. Additionally, Indiana Rules of Criminal Procedure, CR. 10, contemplates that only the record made at the time the guilty plea is offered by the defendant and accepted by the trial court be reviewed on appeal."

Therefore, considering only the record made at the time the guilty plea was offered, we conclude the trial court could not, by statute, accept such plea.

While the statute does, in great measure, prescribe the "pedantic ritual" eschewed by the court in *Fraley* v. *State* (1975), 163 Ind. App. 226, 323 N.E.2d 239 at 241, that result is not without grace. Adherence to IC 1971, 35-4.1-1-3 does at once mandate that the trial court determine *for itself* without surmise that a defendant has been informed of each

right he is about to waive, preserve the colloquy on the record, and thus, diminish the opportunity for error by the trial court.

The judgment below is reversed and the cause remanded with instructions to grant Norfrey's petition for post-conviction relief.

Judgment reversed and remanded.

Lowdermilk and Lybrook, JJ., concur.

NOTE.—Reported at 358 N.E.2d 202.