William JAMES, Appellant
(Defendant Below),

v.

STATE of Indiana, Appellee
(Plaintiff Below).

No. 2–483A104.

Court of Appeals of Indiana,
Third District.

Oct. 3, 1983.
Rehearing Denied Nov. 10, 1983.

Patrick A. Schuster, Kelly Leeman & Associates, Logansport, for appellant.

Linley E. Pearson, Atty. Gen. of Ind., Michael Gene Worden, Deputy Atty. Gen., Indianapolis, for appellee.

HOFFMAN, Judge.

On May 14, 1981, appellant William James was arrested and charged with operating a motor vehicle while intoxicated. One week later, James was arraigned with approximately twelve other individuals. Following a roll call, the court addressed the entire group and explained the purpose of arraignment proceedings. Continuing to address the whole group, the court carefully and painstakingly advised those charged of the following:

1. the right to be represented by a lawyer;
2. the fact that a defendant is presumed innocent until proven guilty;
3. the right to a speedy and public jury trial;
4. the right to confront and cross-examine witnesses;
5. a defendant's right to subpoena and present his own witnesses;
6. the privilege against self-incrimination;
7. that the State bears the burden of proving guilt beyond a reasonable doubt; and
8. the right to an appeal upon conviction.

The court went on to discuss the consequences of entering a guilty plea as follows:

"If there is a plea of guilty, there is no trial. And therefore, a person who pleads guilty is giving up these rights. There's no longer the right to appeal. There's no longer the right to remain silent or to require the state to prove it's [sic] case.

All of those are given up. A plea of guilty is a legally binding admission of the truth of the charge that has been filed. A person who pleads guilty will be required to testify against himself."

Following this thorough advisement of rights, the court individually polled each defendant. At this time James was advised of the specific charge entered against him and of the minimum and maximum penalties. After ascertaining that James understood his rights, the court accepted his guilty plea.

James now appeals from the denial of his petition for post-conviction relief by which he sought to withdraw his guilty plea.

James first alleges that the trial court failed to adequately inform him of his constitutional and statutory rights before accepting his guilty plea. Ind.Code § 35–4.1–1–3 (Burns 1979 Repl.)[1] provides:

"Plea of guilty—Defendant advised by court.—

The court shall not accept a plea of guilty from the defendant without first addressing the defendant and

(a) Determining that he understands the nature of the charge against him;

(b) Informing him that by his plea of guilty he is admitting the truth of all facts alleged in the indictment or information or to an offense included thereunder and that upon entry of such plea the court shall proceed with judgment and sentence;

(c) Informing him that by his plea of guilty he waives his rights to a public and speedy trial by jury, to face the witnesses against him, to have compulsory process for obtaining witnesses in his favor and to require the state to prove his guilt beyond a reasonable doubt at a trial at which the defendant may not be compelled to testify against himself;

(d) Informing him of the maximum possible sentence and minimum sentence for the offense charged and of

any possible increased sentence by reason of the fact of a prior conviction or convictions, and of any possibility of the imposition of consecutive sentences; (e) Informing him that the court is not a party to any agreement which may have been made between the prosecutor and the defense and is not bound thereby."

The Supreme Court of Indiana has held that it is the duty of the trial court to *strictly* comply with the terms of this statute. *German v. State,* (1981) Ind., 428 N.E.2d 234. The *German* case further stated that: ·

"other cases, to the extent that they held that the statutory obligation of the trial judge to inform the defendant that a plea of guilty operates as a waiver or surrender of the above enumerated rights may be met by something short of a direct statement to that effect, are overruled." 428 N.E.2d at 237.

In spite of several subsequent attacks on this reading of the statute, the Supreme Court has consistently reaffirmed the rationale of *German. See Davis v. State,* (1983) Ind., 446 N.E.2d 1317; *Early v. State,* (1982) Ind., 442 N.E.2d 1071; *Romine v. State,* (1982) Ind., 431 N.E.2d 780.

In *Early, supra,* the Supreme Court held:

"In order for rights to be voluntarily waived, they must be known and understood *at the time of the waiver.* The waiver occurs simultaneously with the guilty plea; hence the judge must ascertain, *and the record must reflect,* that the defendant understands his rights and the effect of a guilty plea *at that very moment.* That is the critical time. What he knew or did not know at prior times, including the time when he signed the plea agreement, is immaterial except insofar as it may be an aid to the hearing judge and to us in determining what he comprehended and understood at the

---

1. This statute was repealed, modified, and reenacted as Ind.Code § 35–35–1–2 (1982 Burns Supp.). However, the effective date for the recodification was September 1, 1982. Therefore, the earlier version applies to this case.

time the plea is given." (Original emphasis.)

442 N.E.2d at 1072.

Failure on the part of the trial court to comply with these standards will require reversal on appeal.

■ Initially, James asserts that the statute has not been followed because the trial court failed to *individually* inform him of all constitutional and statutory rights. However, he is unable to cite authority to support his theory that jointly informing defendants at arraignment is *per se* inadequate. Nor does the statute or the supporting cases require that one charged be *individually* apprised of all rights.

James correctly contends that the trial judge must "personally" advise defendants of all rights. However, this does not mean that judges must sit down with each and every individual arraigned and repeat all enumerated rights. Instead, this insures that it will be the trial judge himself, rather than the bailiff, prosecutor, or the defendant's own attorney who ultimately addresses defendants.

In the case at bar, the defendant was advised contemporaneously with twelve other persons similarly charged. However, he was personally polled on his plea and questioned on whether he understood his rights. Under these circumstances, the letter as well as the spirit of Ind.Code § 35–4.-1–1–3 have been observed, and no error committed.

■ James collaterally contends that the trial court failed to adequately inform him of the right to a speedy and public trial. The record indicates that the trial judge instructed all arraigned as follows:

"If there is a plea of not guilty the case will be set for trial. Trial will be held in this courtroom as a public matter, anybody can come in, the door will be open as it is this evening. It will not be immediately. I do not anticipate having a trial this evening. However, we will put it on as quickly as we can put it on the court's schedule, usally [sic] in a matter of several weeks."

Although this simple and direct statement does not follow the specific language of the statute, it does comply with the legal standard set out in *Early, supra*. *Early* states that:

"[a]lthough *we will not hold the plea hearing judge to particular language in carrying out the mandate of the statute,* if its simple language is utilized, together with simple questions, to ascertain that the defendant does, in fact, understand the meaning of each advisement and simple explanations, when necessary, defendants who plead guilty will not only be fully advised and competent to plead, but the record will also clearly reflect as much; and judicial time and effort can be conserved." (Emphasis added.)

442 N.E.2d at 1072.

Although *Early* indicates that use of the statutory language may be preferred, it appears that the trial court sufficiently informed James of his right to a speedy and public trial without employing magic words.

■ James next alleges that the trial court erred by failing to adequately ascertain whether his guilty plea was knowingly and voluntarily entered. Ind.Code § 35–4.1–1–4(a)[2] provides:

"The court shall not accept a plea of guilty without first personally addressing the defendant and determining that the plea is voluntary. The court shall address the defendant and determine whether any promises, force or threats were used to obtain the plea."

According to James, this statute is mandatory to the same extent as Ind.Code § 35–4.1–1–3. In support of this contention, he cites the case of *Collins v. State,* (1979) Ind.App., 394 N.E.2d 211. In *Collins,* the Court of Appeals held:

"... we find the language of Ind.Code 35–4.1–1–3 and Ind.Code 35–4.1–1–4 to be mandatory. *Turman v. State* (1979) [271 Ind. 332] 392 N.E.2d 483. The stat-

**2.** Ind.Code § 35–4.1–1–4 was repealed and re-enacted in substantially the same form as Ind. Code § 35–35–1–3 (1982 Burns Supp.). The earlier form applies in this case.

utes say the court shall inform the defendant of his various rights and the consequences of his plea before the plea is accepted. There is no latitude allowed; the clear statutory language requires strict compliance. *See Neeley v. State,* (1978) [269 Ind. 588] 382 N.E.2d 714, 719 (Prentice, J., dissenting) (compliance is a 'jurisdictional prerequisite' to acceptance); *Williams v. State,* (1975) 263 Ind. 165, 325 N.E.2d 827 n. 1 (Hunter, J.,); *Norfrey v. State,* (1976) [171 Ind.App. 589] 358 N.E.2d 202. Failure of strict compliance equals a failure to meet an absolute prerequisite to the acceptance of a guilty plea. We therefore order a reversal because of the court's failure to comply with the mandates of Ind.Code 35–4.1–1–3 and Ind.Code 35–4.1–1–4." (Footnote omitted.)
394 N.E.2d at 213.

The language used by the *Collins* court seems to indicate that strict compliance with Ind.Code § 35–4.1–1–4 is a jurisdictional prerequisite to acceptance of all guilty pleas. However, this is not the law in Indiana. In *James v. State,* (1982) Ind., 433 N.E.2d 1188, at 1190, the Supreme Court reviewed this statute and held:

"The State contends that Ind.Code § 35–4.1–1–4(a) is designed to protect defendants against improper coercion by police or prosecutors; not third parties. We agree with this interpretation of the statute. There may be many reasons why a defendant chooses to plead guilty. However, for purposes of a determination of voluntariness, not every motivation that may be characterized as a but/for cause of the guilty plea is relevant. *Corbitt v. New Jersey,* (1978) 439 U.S. 212, 99 S.Ct. 492, 58 L.Ed.2d 466; *Brady v. United States,* (1970) 397 U.S. 742, 756–58, 90 S.Ct. 1463, 1473–74, 25 L.Ed.2d 747, 761–62. *See Bordenkircher v. Hayes,* (1978) 434 U.S. 357, 98 S.Ct. 663, 54 L.Ed.2d 604, *McMann v. Richardson,* (1970) 397 U.S. 759, 90 S.Ct. 1441, 25 L.Ed.2d 763.

"Ind.Code § 35–4.1–1–4(a) speaks in terms of 'promises, force, or threats.' In this respect it codifies our decisions in *Dube v. State,* (1971) 257 Ind. 398, 275 N.E.2d 7 and *Watson v. State,* (1973) 261 Ind. 97, 300 N.E.2d 354, which require the trial court to take steps necessary to learn whether the State has made promises of leniency to the defendant. In the case at bar Defendant has not shown how he was harmed by the trial court's failure to inquire about promises, force or threats. He does not assert any improper activity by the State or on its behalf. The trial court, which accepted the guilty plea, had full knowledge of the plea bargain which Defendant had struck with the State. In *Dube* and *Watson,* the courts sentenced the defendants to imprisonment without the knowledge that the prosecutor had promised suspended sentences. We view the trial court's failure to inquire specifically into this area as, at worst, a latent defect, which does not detract from a record which shows that Defendant was informed of and understood the full panoply of constitutional rights and the ramifications of his waiver of those rights." (Citation omitted.)

In the case at bar, James neither contends that improper coercion was employed by the State, nor does the record indicate that his guilty plea was anything but voluntary. Instead, it clearly appears that he understood all enumerated rights and knowingly and intelligently waived those rights by entering his guilty plea.

The judgment of the trial court is affirmed.

Affirmed.

BUCHANAN, C.J., and SHIELDS, J., concur.