Paul STOCKEY, Appellant
(Petitioner below),

v.

STATE of Indiana, Appellee
(Respondent below).

No. 1285S527.

Supreme Court of Indiana.

June 10, 1987.

Susan K. Carpenter, Public Defender, Michael Hunter Freese, Deputy Public Defender, Indianapolis, for appellant.

Linley E. Pearson, Atty. Gen., Joseph N. Stevenson, Deputy Atty. Gen., Indianapolis, for appellee.

PIVARNIK, Justice.

Defendant-Appellant Paul W. Stockey was charged with murder on October 29, 1981. On March 17, 1982, he pleaded guilty to Voluntary Manslaughter, a class B felony. He was sentenced to twelve (12) years imprisonment on April 15, 1982. On February 15, 1984, Stockey filed a *pro se* Petition for Post-Conviction Relief, which was denied. Stockey directly appeals that denial raising the following two issues: (1) whether there was an adequate factual basis to accept the guilty plea, and (2) whether the lack of advice of the possibility of consecutive sentences renders the guilty plea invalid.

The facts are as follows. At the guilty plea proceeding, the State introduced the charging information and affidavit of probable cause to establish a prima facie case. Stockey denied any memory of actually committing the offense to which he was pleading guilty. Stockey, in his own words, told the court what he recalled of the events surrounding the offense. Stockey met the victim, Charles Salyer, at a bar, then went to his own home with Salyer and other men, where they all drank moonshine. Salyer choked on the moonshine, which made Stockey laugh. At that point Stockey was hit in the head. Stockey then claimed to remember nothing until one of the men slapped him in the face, saying Stockey had hit Salyer and Salyer hit his head and was dead. Stockey then explained how the men took him to see the body. He admitted telling his former father-in-law, girlfriend, and former wife that he killed a man. When asked in court why he hit Salyer, Stockey said, "cause he hit me in the head." However, Stockey maintained he did not remember hitting Salyer.

I.

Stockey first alleges there was an insufficient factual basis for the trial court to accept the guilty plea. Stockey neither claims nor shows that his failure to recall committing the crime amounted to a protestation of innocence. Therefore, this case does not fall within the rule enunciated in *Ross v. State* (1983), Ind., 456 N.E.2d 420, 423. Stockey merely argues there was insufficient evidence to support the trial judge's finding of a factual basis to support the guilty plea, arguing there was no evidence other than his statements at sentencing to supply a factual basis of guilt to the trial judge.

A trial court may not accept a guilty plea unless satisfied there is a sufficient factual basis for the plea. Ind.Code Ann. § 35–35–1–3(b) (Burns 1985). When sufficiency is challenged, we neither weigh the evidence, nor judge the credibility of witnesses, but look to the evidence most favorable to the State. If there is substantial evidence of probative value to support the trial court's finding, we will uphold that finding. *Dearman v. State* (1986), Ind., 500 N.E.2d 1161, 1163.

Stockey testified, following a reading of the murder and voluntary manslaughter statutes, that he did the things covered by the statutes. The investigating officer testified and Stockey admitted to telling his former father-in-law, former wife, and girlfriend he killed a man. Stockey acknowledged and recounted the facts surrounding the crime. As part of the pre-sentence material, the unsworn statement of Donna Stockey, Appellant's former wife, was introduced, in which she quoted Stockey as telling her he hit the victim a few times and he died. *See Hitlaw v. State* (1978), 178 Ind.App. 124, 381 N.E.2d 527, *trans. denied.* As to the actual killing, even while professing not to remember hitting the victim, Stockey was able to give a direct answer when asked his motive for doing so. Despite Stockey's inability to recall committing the crime, his admissions of guilt, his recounting of the facts, and his recollection of his motive for hitting the victim constitute a sufficient factual basis for the trial court to accept the guilty plea.

Further, evidence other than the sworn testimony of the defendant can serve as an adequate basis for accepting a guilty plea. *Dearman*, 500 N.E.2d at 1163;

*Gibson v. State* (1986), Ind., 490 N.E.2d 297, 298. A proper factual basis for the entry of a guilty plea is established where the court asks the prosecutor to state the facts and the prosecutor reads the factual allegations contained in the information, the judge asks the defendant whether he admits the alleged acts, and the defendant admits the truth of the information. *Silvers v. State* (1986), Ind., 499 N.E.2d 249, 253; *Lowe v. State* (1983), Ind., 455 N.E.2d 1126, 1129. That process occurred in this case. Furthermore, Stockey admitted during the guilty plea hearing that he understood the nature of the crime charged and that his guilty plea was an admission that he committed the crime. There were sufficient facts to establish a factual basis for entry of the guilty plea. *Silvers*, 499 N.E.2d at 253; *Lombardo v. State* (1981), Ind., 429 N.E.2d 243, 247. We therefore find no error presented by this contention.

## II.

 Stockey next alleges that since he was not advised of the possibility of consecutive sentences, the guilty plea was invalid. The court shall not accept a guilty plea without first determining that the defendant has been informed of any possibility of the imposition of consecutive sentences. Ind.Code Ann. § 35–35–1–2(a)(3) (Burns Supp.1986). Stockey maintains that guilty plea defendants should be informed as to all collateral consequences of conviction. However, the law requires only that the defendant be advised of the consequences of his plea as relating to the specific crime for which he is to be sentenced on the guilty plea. *Jones v. State* (1986), Ind., 491 N.E.2d 542, 543.

A trial court's failure to advise a defendant of the possibility of consecutive sentences is not improper, where the defendant is subject to a one count information and there is no indication of any other pending charges. *Dunfee v. State* (1985), Ind.App., 482 N.E.2d 499, 500–01, *trans. denied.* In *Dunfee*, there was no error since the possibility of consecutive sentences had no application to the case. Such is the situation here. Stockey has not al-

leged that had he known of the possibility of consecutive sentences, he would have changed his decision to plead guilty. No facts indicate he was misled regarding the terms of the plea agreement. Stockey faced sentencing on one count after his guilty plea. Thus there was no immediate possibility of consecutive sentencing. Absent a showing that but for the omitted advisement, Stockey would not have pleaded guilty, we cannot conclude that his guilty plea was involuntary and unintelligent. The record of the proceedings before the post-conviction court fails to demonstrate that the trial judge's failure to strictly comply with Ind.Code § 35–35–1–2 rendered involuntary or unintelligent Stockey's decision to plead guilty.

The trial court is affirmed.

SHEPARD, C.J., and DeBRULER, GIVAN and DICKSON, JJ., concur.