Crystal SNOWE, Appellant
(Defendant Below),

v.

STATE of Indiana, Appellee
(Plaintiff Below).

No. 02A04–8804–CR–128.

Court of Appeals of Indiana,
Fourth District.

Feb. 8, 1989.

Richard J. Thonert, Romero & Thonert, Fort Wayne, for appellant.

Linley E. Pearson, Atty. Gen., Lisa Anne McCoy, Deputy Atty. Gen., Indianapolis, for appellee.

CONOVER, Presiding Judge.

Defendant–Appellant Crystal Snowe (Snowe) appeals her conviction for driving while intoxicated, a class A misdemeanor. IND.CODE 9–11–2–2.

We reverse.

The sole issue presented for our review is whether the trial court abused its discretion by denying Snowe's motion to withdraw her guilty plea.[1]

On October 15, 1987, Snowe was pulled over by a police officer for driving 65 miles per hour (m.p.h.) in a 55 m.p.h. zone. After noticing a strong odor of alcohol and Snowe's slurred speech, the officer administered an alcosensor test. Snowe's blood alcohol content registered .16%. Approximately one hour later, Snowe registered a .12% blood alcohol content. The officer noted Snowe missed her nose with both hands in a finger dexterity test, swayed as she walked and turned, and had red eyes and a flushed face. Snowe was arrested and charged with driving while intoxicated, a class A misdemeanor.

At Snowe's initial hearing, she pled not guilty. Subsequently, on October 23, 1987, Snowe appeared *pro se* for her arraignment. She was advised of her rights by a televised advisement given to all defendants before the commencement of misdemeanor traffic court. She then pled guilty to the charge of driving while intoxicated. The guilty plea was accepted, sentencing was deferred to a later date, and she was referred to the Alcohol Countermeasures Program.

On November 6, 1987, Snowe, by counsel, filed a verified motion to withdraw her guilty plea. At a hearing on the motion, the trial judge denied her request. Snowe was sentenced to a one year suspended sentence conditioned upon the completion of the Alcohol Countermeasures Program, then assessed a $100.00 fine and a ninety day license suspension.

Snowe now appeals.

Additional facts as necessary appear below.

■ IND.CODE 35–35–1–4(b), governing the withdrawal of guilty pleas provides:

(b) After entry of a plea of guilty, or guilty but mentally ill at the time of the crime, but before imposition of sentence, the court may allow the defendant by motion to withdraw his plea of guilty, or guilty but mentally ill at the time of the crime, for any fair and just reason unless the state has been substantially prejudiced by reliance upon the defendant's plea. The motion to withdraw the plea of guilty or guilty but mentally ill at the time of the crime made under this subsection shall be in writing and verified. The motion shall state facts in support of the relief demanded, and the state may file counter-affidavits in opposition to the motion. The ruling of the court on the motion shall be reviewable on appeal only for an abuse of discretion. However, the court shall allow the defendant to withdraw his plea of guilty, or guilty but mentally ill at the time of the crime, whenever the defendant proves that withdrawal of the plea is necessary to correct a manifest injustice.

Thus, the trial court's decision will be reversed only when an abuse of discretion is found. *Flowers v. State* (1988), Ind., 528 N.E.2d 57, 59.

Snowe contends the trial court abused its discretion by denying her motion to withdraw her guilty plea. She maintains there is no indication her guilty plea was made knowingly and intelligently and no factual basis was established for the acceptance of her guilty plea.

■ It is axiomatic a guilty plea must be knowingly, voluntarily, and intelligently entered. *Ewing v. State* (1976), 171 Ind. App. 593, 358 N.E.2d 204, 207. IND. CODE 35–35–1–2 sets forth the trial court's requirement for advisement of rights at guilty plea proceedings and states, in pertinent part:

(a) The court shall not accept a plea of guilty or guilty but mentally ill at the time of the crime without first determining that the defendant:

---

**1.** The State asserts Snowe waived any error by failing to include a transcribed copy of the televised advisement in the record. However, Ind. Rules of Procedure, Appellate Rule 7.2(C)(2) states "incompleteness or inadequacy of the record shall not constitute a ground for dismissal of the appeal or preclude review on the merits." Additionally, the State supplemented the record with a transcribed copy of the advisement, thus that error, if any, was corrected.

(1) understands the nature of the charge against him;

(2) has been informed that by his plea he waives his rights to:

(A) a public and speedy trial by jury;

(B) confront and cross-examine the witnesses against him;

(C) have compulsory process for obtaining witnesses in his favor; and

(D) require the state to prove his guilt beyond a reasonable doubt at a trial at which the defendant may not be compelled to testify against himself;

(3) has been informed of the maximum possible sentence and minimum sentence for the crime charged and any possible increased sentence by reason of the fact of a prior conviction or convictions, and any possibility of the imposition of consecutive sentences; ...

(c) Any variance from the requirements of this section that does not violate a constitutional right of the defendant is not a basis for setting aside a plea of guilty.

The determination of the voluntariness of a guilty plea is governed by I.C. 35–35–1–3, which provides, in pertinent part:

(a) The court shall not accept a plea of guilty or guilty but mentally ill at the time of the crime without first determining that the plea is voluntary. The court shall determine whether any promises, force, or threats were used to obtain the plea.

(b) The court shall not enter judgment upon a plea of guilty or guilty but mentally ill at the time of the crime unless it is satisfied from its examination of the defendant or the evidence presented that there is a factual basis for the plea. ...

The record must indicate the defendant knew of and understood his rights when he entered his guilty plea. *James v. State* (1983), Ind.App., 454 N.E.2d 1225, 1227; *Ewing, supra,* 358 N.E.2d at 208. The trial court must determine for itself without surmise a defendant has been informed of each right he is about to waive and the trial court must preserve the colloquy on the record. *Norfrey v. State* (1977), 171 Ind.App. 589, 358 N.E.2d 202, 204. In the absence of a record clearly demonstrating the necessary specifics were discussed, we will not defer to the trial court's ability to determine the question of voluntariness. *Ewing, supra.*

Recently, in *Hatton v. State* (1986), Ind. App., 500 N.E.2d 1283, 1284, we held the record must disclose a defendant was informed of his rights and the resulting waiver of rights in guilty plea proceedings, relying on *Boykin v. Alabama* (1969), 395 U.S. 238, 89 S.Ct. 1709, 23 L.Ed.2d 274. *Boykin* identified three constitutional rights (i.e. the right to trial by jury, the right to confrontation, and the right against self-incrimination) the record must disclose the defendant knew he was waiving before a guilty plea can be considered voluntary and intelligent. The United States Supreme Court stated:

It was error, plain on the face of the record, for the trial judge to accept petitioner's guilty plea without an affirmative showing that it was intelligent and voluntary ... We cannot presume a waiver of these three important federal rights from a silent record.

395 U.S. at 242–243, 89 S.Ct. at 1711–1712. Thus, a waiver of rights cannot be presumed where the record is silent as to the accused's knowledge and understanding of these rights. *Ewing, supra,* 358 N.E.2d at 207.

In *Watson v. State* (1984), Ind.App., 463 N.E.2d 535, 536, we stated the role of the trial judge in a guilty plea proceeding is to determine if the defendant understands the rights he is waiving and the consequences of his plea. He is to do so by interrogating the defendant to determine if he understands the advisement's content and the concept of waiver. *Id.,* n. 2.

We note an *en masse* advisement of rights by the trial court was deemed an acceptable procedure in *French v. State* (1984), Ind.App., 472 N.E.2d 210, 212, and *James, supra,* at 1228. However, the *sine qua non* of both cases was a personal interrogation of the defendant by the court to determine the defendant's understanding of his rights and the concept of waiver.

Here, the record is silent as to whether Snowe's guilty plea was entered intelligently and voluntarily and whether he understood he was waiving those rights by pleading guilty. At the arraignment, only the following colloquy took place:

COURT: Did you hire a lawyer?

MS. SNOWE: No, sir. I spoke with one.

COURT: Okay. What is it you want to do then?

MS. SNOWE: Plead guilty, sir.

COURT: A plea of guilty of Driving While Intoxicated.

MS. SNOWE: Yes, sir.

COURT: We'll refer you to the Alcohol Countermeasure Program for your interview. Then be back here for sentencing at 9:00 November 10th. Step over here for your papers.

(S.R. 63–64). Additionally, the court's entry merely states:

Defendant appears in person. Initial hearing held. Defendant knowingly and voluntarily waives right to attorney and trial. Plea of guilty. Finding of guilty. Referred to ACP. Sentencing deferred to: 9:00 A.M. on 11/10/87.

(R. 12).

 From the record, there is no indication Snowe ever viewed or understood the televised version of her rights. The trial judge made no determination on the record of whether Snowe understood the charge, the rights she was waiving, or the sentencing possibilities, as required by I.C. 35–35–1–2. Because the record fails to make such an affirmative showing, we cannot say her plea was knowing, intelligent, and voluntary. *Boykin*, 395 U.S. at 242–243, 89 S.Ct. at 1711–12.

 Additionally, after reviewing the televised advisement of rights, it is apparent its content is complicated and misleading. The videotaped judge, one different than the sitting judge here, did discuss in the tape a defendant's rights, sentencing possibilities, presumption of innocence, and waiver of rights; however, he also discussed a variety of other information which serves only to confuse a defendant uninformed in the law.[2] While this court understands the desire to economize judicial time and believes such a televised advisement may serve a preliminary purpose, a sitting judge cannot rely solely on such an advisement. Rather, on the record he must determine for himself each defendant knows and understands his rights, the nature of the charge against him, the full import of the waiver of his rights should he plead guilty, and the sentencing possibilities. In the present case, the trial judge fulfilled none of these obligations.

Snowe next contends there was an insufficient factual basis for the acceptance of her guilty plea. Thus, she claims the trial court erroneously accepted her plea.

 It is well-settled a trial court may not accept a guilty plea unless satisfied there is a sufficient factual basis for the plea. *Stockey v. State* (1987), Ind., 508 N.E.2d 793, 794; I.C. 35–35–1–3(b). When sufficiency is challenged, we neither reweigh the evidence nor judge the credibility of the witnesses. When there is substantial evidence of probative value to support the trial court's finding, we will uphold that finding. *Id.*

 One way to establish an adequate factual basis is through the sworn testimony of the defendant regarding the events underlying the charge. *Id.* However, evidence other than the defendant's testimony may serve the same purpose. *Dearman v. State* (1986), Ind., 500 N.E.2d 1161, 1163. A proper factual basis is established where the court asks the prosecutor to state the facts, the prosecutor reads the factual alle-

---

**2.** The judge discussed details of the three classes of misdemeanors and at least four different statutes, seemingly before a defendant knew which class of misdemeanor or which statute his charge fell under. He also discussed the affect of prior convictions and probation, multiple charges, and aggravating circumstances. Additionally, at the beginning of the tape the judge stated each defendant would be read the probable cause affidavit and the specific charge against him, which would include the class of misdemeanor and specific allegations of his charge. The record does not indicate, however, the court or the prosecutor ever did so in this case.

gations contained in the information, the judge asks the defendant whether he admits the alleged acts, and the defendant admits the truth of the allegations. *Silvers v. State* (1986), Ind., 499 N.E.2d 249, 253. Other considerations include whether the defendant admits during the guilty plea hearing he understands the nature of the crime charged and that a guilty plea is an admission to the crime charged. *Id.*

Here, there is no indication from the record anything took place at the guilty plea hearing other than the mere offer and acceptance of Snowe's plea. There was no sworn testimony by Snowe as to the facts underlying the charge. Neither was there a reading of the allegations by the prosecutor and an admittance by Snowe. In fact, there is never a reference to the probable cause affidavit in the record. Further, there was no verbal interchange between the trial judge and Snowe regarding the nature of the charge or the effect of the plea as an admission. Therefore, the factual basis was insufficient for acceptance of her guilty plea.

Reversed and remanded for further proceedings consistent with this opinion.

MILLER and CHEZEM, JJ., concur.