**Jeffrey D. MELTON, Appellant–
Petitioner,**

v.

**STATE of Indiana, Appellee–
Respondent.**

No. 03A01–9209–PC–302.

Court of Appeals of Indiana,
First District.

April 5, 1993.

Transfer Denied May 27, 1993.

---

G. Max Rettig, Indianapolis, for appellant-petitioner.

Linley E. Pearson, Atty. Gen., Mary Dreyer, Deputy Atty. Gen., Office of Attorney General, Indianapolis, for appellee-respondent.

ROBERTSON, Judge.

Jeffrey D. Melton appeals the denial of his petition for post-conviction relief. We affirm, but remand with instructions to vacate the judgment of conviction on operating a motor vehicle while intoxicated and enter a judgment of conviction on operating a motor vehicle with a blood alcohol content of at least .10%.

In his petition for post-conviction relief, Melton alleged, among other things, that the court did not elicit an adequate factual basis for his plea, that his plea of guilty was not knowingly and intelligently made, and that the court failed to determine whether he understood the nature of the charges against him as required by Ind. Code 35–35–1–2(a)(1). Melton argues in this appeal only that the trial court lacked a sufficient factual basis to accept his plea of guilty to operating a motor vehicle with

a blood alcohol content of .10 percent, a class C misdemeanor.

The record contains an information charging Melton with operating a vehicle while intoxicated on July 27, 1986, in violation of I.C. 9–11–2–2, a class A misdemeanor. A written plea agreement executed by Melton on October 27, 1986 indicates that Melton had agreed to plead guilty to "OMVI/PR (FD)" and that the State would dismiss the offenses of "OMV BAC >.10 (FD); B 0587–1356; C 0587–1356 Public Intox" in exchange for the plea. The court's judgment entry reflects a plea of guilty to the charge of operating a motor vehicle while intoxicated as a class C misdemeanor.

However, the transcript of the guilty plea hearing contains an oral representation by the State that the State had agreed to amend the charge to operating a motor vehicle with a blood alcohol content greater than .10 percent by weight of alcohol in the blood, a class C misdemeanor. Indiana Code 35–35–3–3(c) permits a plea agreement in a misdemeanor case to be submitted orally to the court. In exchange for the plea, the State recommended a specific sentence. The court asked Melton if he understood the plea agreement to be as the State had represented. Melton responded "yes." A second written plea agreement was never filed by the State.

■ The record also contains a form entitled "Waiver of Rights, Withdrawal of Plea of Not Guilty and Plea of Guilty," which had been executed by Melton. This form lists various constitutional rights which the signatory would be "waiving or giving up" and contains various advisements. By signing the form, Melton acknowledged under oath that he understood "that by entering a Plea of Guilty to the charge(s) against [him he was] admitting the truth of all facts alleged or stated in the indictment or information (charging papers) or to any offense included thereunder ..." Indiana Code 35–35–1–2(b) permits those advisements in I.C. 35–35–1–2(a) which are not of constitutional dimension,

*White v. State* (1986), Ind., 497 N.E.2d 893, to be given in writing to misdemeanant defendants. However, the court still must satisfy itself that the defendant understands the charges, the rights he is waiving and the applicable sentencing provisions. *Snowe v. State* (1989), Ind.App., 533 N.E.2d 613. Melton told the court that he had read and understood the waiver of rights form.

At the change of plea hearing, the court asked Melton whether he "knowingly and intentionally" operated a motor vehicle while he possessed a blood alcohol content of at least .10 percent. Melton indicated that he had. No other evidence was offered to prove the actual level of alcohol in Melton's blood. Melton did not provide the State with a breath sample, either because he refused to provide one, or as the transcript of the guilty plea hearing suggests, was unable to give a breath sample because of an asthmatic condition. Melton admitted that he had consumed alcoholic beverages and that he had operated a motor vehicle. Melton's attorney stated that "the officer testified that he had uh alcohol on his breath and could not perform field sobriety tests."[1] The court asked Melton whether "this" was true and Melton answered yes. The court then accepted Melton's plea "to the amended charge of operating while intoxicated as a class C misdemeanor" and imposed the sentence recommended by the State for a plea to operating a motor vehicle with a BAC of .10 percent. The court reiterated thereafter that Melton had been convicted of operating while intoxicated and the court's judgment reflects this.

The sole issue now before this court is whether Melton's admission that he "knowingly and intentionally" operated a motor vehicle with a blood alcohol content of .10 percent provides an adequate factual basis for his plea. To obtain a conviction of operating a motor vehicle with a blood alcohol content of .10 percent, the State must prove that the defendant knowingly or intentionally operated a motor vehicle with a

---

1. The reference to the officer's testimony must refer either to an earlier probable cause hearing

which has not been made a part of this record or to the affidavit attached to the information.

blood alcohol content of at least .10 percent by weight. I.C. 9–11–2–2.

■ Numerous decisions of this state's appellate courts have recited the rule that a factual basis is sufficiently established when the prosecutor reads the charging information and the defendant admits that the allegations of the information are true. *Stewart v. State* (1988), Ind., 517 N.E.2d 1230, 1232; *Silvers v. State* (1986), Ind., 499 N.E.2d 249, 253; *Underhill v. State* (1985), Ind., 477 N.E.2d 284; *Lowe v. State* (1983), Ind., 455 N.E.2d 1126, 1129; *Carney v. State* (1991), Ind.App., 580 N.E.2d 286, 289, *trans. denied.* An admission of facts which constitutes an admission of each element of the offense will satisfy the requirement that the defendant understands the true nature of the charge. *Snowe,* 533 N.E.2d at 617.

■ Here, a second information was not filed, but a separate information or indictment on a lesser offense to which a criminal defendant has agreed to plead is not necessary to put the defendant on notice of the charges. *State v. Sanders* (1992), Ind., 596 N.E.2d 225, *cert. denied,* — U.S. ——, 113 S.Ct. 1385, 122 L.Ed.2d 760. The trial court, rather than the prosecutor, recited the elements of the offense, as they might be charged in an information, and asked Melton whether he admitted the facts which would constitute the crime. Melton responded affirmatively. He told the court that he had consumed alcoholic beverages on the evening in question and operated a motor vehicle. He acknowledged information contained in the probable cause affidavit, that he smelled of alcohol and failed field sobriety/dexterity tests. The reasonable inferences from these admissions are that Melton knew how much he had consumed and as a consequence knew that his blood alcohol content exceeded the statutory limit.

Melton argues that the cases which have approved of admissions as a means of establishing a factual basis have involved defendants admitting facts that can be ascertained by mere unaided sensory observation without resort to results of scientific or chemical tests. If Melton is correct, then in every case in which the State must present scientific evidence to meet its burden of proof at trial, it would be required to put forth that proof at guilty plea proceedings. This sounds akin to a requirement that the State establish the corpus delicti of a crime before admissions may be used to establish a factual basis.

We have not discovered any Indiana Supreme Court case which has required such proof. In *Stockey v. State* (1987), Ind., 508 N.E.2d 793, the Indiana Supreme Court found a sufficient factual basis existed for a plea of guilty to the crime of voluntary manslaughter, even though the defendant asserted that he had no recollection of the crime and there was not any independent evidence, apart from the defendant's statements before and at the guilty plea hearing, that a killing had occurred or that it was the defendant who had killed the victim. The evidence offered to establish a factual basis consisted of the defendant's testimony that he had met the victim in a bar and went to the victim's home with some other men where he consumed moonshine. The defendant was hit in the head by the victim. He could remember nothing but another man told him that he had hit the victim in the head, the victim had fallen, hit his head and was dead. Stockey testified "that he did the things covered by the statutes," admitted that he had told others that he had killed a man and gave a motive for doing so. An unsworn statement of Stockey's former wife repeated Stockey's statements that he had hit the victim a few times and he had died. The information was read to Stockey and he admitted its allegations. Presumably, the State had proof that at least the crime to which Stockey pled had been committed. It was not required to bring forth that proof to establish a factual basis.

■ We acknowledge that *Jones v. State* (1992), Ind.App., 603 N.E.2d 888, appears to require a different result in the present case. There, the fifth district of this court held that documentary evidence of a prior "adjudication" was required to establish a factual basis for a guilty plea to the crime proscribed by I.C. 9–4–13–14. We decline

to follow the rule created by this decision. Indiana Code 35–35–1–3(b) provides that the court shall not enter judgment upon a plea of guilty "unless it is satisfied from its examination of the defendant or the evidence presented that there is a factual basis for the plea." The statute explicitly imposes no requirements concerning the type or quality of evidence which is necessary to establish a factual basis. *Moredock v. State* (1989), Ind., 540 N.E.2d 1230, 1231; *Hitlaw v. State* (1978), 178 Ind.App. 124, 381 N.E.2d 527; As we have indicated, a long line of cases stands for the proposition that a factual basis can be established by a reading of the information or indictment and an admission by the defendant that the allegations are true. *See e.g. Henderson v. Morgan* (1976), 426 U.S. 637, 654 n. 2, 96 S.Ct. 2253, 2262 n. 2, 49 L.Ed.2d 108 (plurality opinion of White, J. concurring). These cases have not been reconciled by the *Jones* court.

We conclude that an adequate factual basis exists for Melton's plea. While a criminal defendant may not know the exact level of alcohol in his blood, he surely can know by the quantity of alcohol he has consumed and the state of his impairment that he has exceeded the statutory limit beyond a reasonable doubt. The evidence elicited in this case supports a reasonable inference that Melton had such knowledge. If he had any doubt, he did not express it when the court accepted his plea, even though he had been advised, in writing, that his plea would be an admission of the truth of all facts included in the offense charged.

As we have indicated, the record reflects that Melton agreed to plead guilty to the offense of operating a motor vehicle with a blood alcohol content by weight of .10 percent, but he was convicted of the offense of operating a motor vehicle while intoxicated. He received the sentence to which he had agreed. The State has waived the right to contend that the plea agreement was anything other than what the State represented it to be at the guilty plea hearing. *Richardson v. State* (1983), Ind.App., 456 N.E.2d 1063, 1067. The judg-

ment of conviction should thus be corrected to reflect that Melton was convicted of the class C misdemeanor of operating a motor vehicle with a BAC of .10 percent.

Judgment affirmed and remanded for correction.

BAKER and SHIELDS, JJ., concur.