**Bradley A. MESCHER, Appellant–
Defendant,**

v.

**STATE of Indiana, Appellee–Plaintiff.**

No. 02A03–9608–CR–308.

Court of Appeals of Indiana.

Oct. 20, 1997.

Rehearing Denied Jan. 26, 1998.

---

Richard J. Thonert, Fort Wayne, for Appellant–Defendant.

Jeffrey A. Modisett, Attorney General, Rafal Ofierski, Deputy Attorney General, Indianapolis, for Appellee–Plaintiff.

## OPINION

HOFFMAN, Judge.

Appellant-defendant Bradley A. Mescher appeals his conviction upon his plea of guilty to a charge of operating a vehicle while intoxicated. The facts relevant to the appeal are set forth below.

On May 8, 1996, Mescher was charged with operating a vehicle while intoxicated, a Class A misdemeanor. That same day, Mescher was advised of his rights by a televised advisement given to all defendants before the commencement of misdemeanor traffic court. At his individual hearing, Mescher informed the trial court that he understood the charge and his rights, and that he wished to plead guilty to operating a vehicle while intoxicated. The trial court accepted Mescher's guilty plea and scheduled sentencing for a later date.

On May 31, 1996, Mescher, by counsel Richard Thonert, filed a verified motion to withdraw his guilty plea. The trial court denied the motion without conducting a hearing. Prior to sentencing, Mescher's counsel requested a Stay Order. The motion was granted.

On appeal, Mescher raises several issues which we consolidate as follows: whether the trial court abused its discretion when it denied Mescher's motion to withdraw his guilty plea.

Mescher contends that his guilty plea was not knowingly entered. It is axiomatic a guilty plea must be knowingly, voluntarily, and intelligently entered. *Snowe v. State,* 533 N.E.2d 613, 615 (Ind.Ct.App.1989). IND. CODE § 35–35–1–2 (1993 Ed.) sets forth the trial court's requirement for advise-

ment of rights at guilty plea proceedings and states, in pertinent part:

(a) The court shall not accept a plea of guilty or guilty but mentally ill at the time of the crime without first determining that the defendant:

(1) understands the nature of the charge against him;

(2) has been informed that by his plea he waives his rights to:

(A) a public and speedy trial by jury;

(B) confront and cross-examine the witnesses against him;

(C) have compulsory process for obtaining witnesses in his favor; and

(D) require the state to prove his guilt beyond a reasonable doubt at a trial at which the defendant may not be compelled to testify against himself;

(3) has been informed of the maximum possible sentence and minimum sentence for the crime charged and any possible increased sentence by reason of the fact of a prior conviction or convictions, and any possibility of the imposition of consecutive sentences; ...

(c) Any variance from the requirements of this section that does not violate a constitutional right of the defendant is not a basis for setting aside a plea of guilty.

■ Furthermore, the record must indicate the defendant knew of and understood his rights when he entered his guilty plea. *Snowe*, 533 N.E.2d at 616. The trial court must determine for itself without surmise a defendant has been informed of each right he is about to waive, and the trial court must preserve the colloquy on the record. *Id.* In the absence of a record clearly demonstrating that the necessary specifics were discussed, we will not defer to the trial court's ability to determine the question of voluntariness.

An *en masse* advisement of rights by the trial court was deemed an acceptable procedure in *French v. State*, 472 N.E.2d 210, 212 (Ind.Ct.App.1984) and in *James v. State*, 454 N.E.2d 1225, 1227 (Ind.Ct.App.1983). However, the *sine qua non* of both cases was the personal interrogation of the defendant by the trial court to determine the defendant's

understanding of his rights and the concept of waiver.

At his initial hearing, the deputy prosecutor informed Mescher that he was charged with a Class A misdemeanor: operating a vehicle while intoxicated. The prosecutor asked Mescher, "[D]id you see the advisement of rights on the videotape?" Mescher responded, "Yes sir." After Mescher stated that he wanted to plead guilty to the charge, the following colloquy took place:

[Prosecutor]: Do you realize that by pleading guilty you admit the facts of the charge of Operating While Intoxicated as I read it to you? Is that correct?

Defendant: Yes sir.

[Prosecutor]: And also by pleading guilty that you would waive, or give up, those constitutional rights that you were advised of on video tape, is that also correct?

Defendant: Yes sir.

■ Additionally, the information provided in the videotaped advisement of rights included a discussion on sentencing possibilities, the presumption of innocence, the right to an attorney, as well as the rights of confrontation and a trial by jury, the privilege against self-incrimination, and the waiver of rights. Mescher's admission during the initial hearing that he had seen and understood his rights contradicts his subsequent claim that his guilty plea was unknowing and unwilling.

■ Mescher also argues that his guilty plea was not knowing and voluntary because he did not willingly relinquish his right to counsel. When a defendant has chosen to waive his right to counsel, it is the trial court's duty to determine if the waiver was knowing and voluntary. *Sedberry v. State*, 610 N.E.2d 284, 286 (Ind.Ct.App.1993), *trans. denied.* The trial court must establish a record showing that the defendant was aware of the nature, extent, and importance of the right and the consequences of waiving it. *Id.* Merely informing the defendant of his constitutional rights is insufficient. *Id.*

In the instant case, the record reveals that the videotaped advisement of rights which

was shown to Mescher informed Mescher of his constitutional rights, including his presumption of innocence, the rights to confrontation and a trial by jury, and his privilege against self-incrimination. The videotape further informed Mescher that he had the right to counsel; that he had the right to proceed without counsel; that if he could not afford counsel, it would be provided for him at no cost; and that if he intended to retain counsel, he must do so within ten days. Finally, the advisement informed Mescher that by pleading guilty, he would waive all of the rights discussed in the videotape. When Mescher appeared for his individual hearing without counsel and indicated that he wished to plead guilty, the deputy prosecutor asked Mescher if he understood that by pleading guilty to the charge of operating a vehicle while intoxicated, he "would waive, or give up, those constitutional rights that you were advised of on [videotape][.] . . ." Mescher replied that he understood and proceeded to plead guilty to the crime charged.

Based upon the evidence of record, we conclude that Mescher was sufficiently informed of the repercussions of proceeding without an attorney and pleading guilty. We, therefore, find that Mescher knowingly and voluntarily waived his right to counsel.

Mescher also contends that he was entitled to a hearing on his motion to withdraw his guilty plea. IND. CODE § 35–35–1–4(b) (1993 Ed.) authorizes a trial court to allow a defendant to withdraw, by motion, his guilty plea before the imposition of a sentence. The governing statute provides that after entry of a guilty plea but before imposition of a sentence, upon verified motion the court may allow a defendant to withdraw his plea for any fair and just reason, unless the State would be substantially prejudiced by reliance upon the defendant's plea. *Gipperich v. State*, 658 N.E.2d 946, 948–49 (Ind.Ct. App.1995), *trans. denied.* As a general rule, the withdrawal of a guilty plea before sentencing "should be freely allowed whenever it appears fair or just[,] and motions made within a few days of the initial pleading should be favorably considered." *Fletcher v. State*, 649 N.E.2d 1022, 1023 (Ind.1995). However, the statute governing the withdrawal of a guilty plea contains no express requirement for a hearing. A defendant seeking to withdraw his plea "has the burden of establishing his grounds for relief by a preponderance of the evidence." *See* IND. CODE § 35–35–1–4(e). When a defendant moves to withdraw a guilty plea before sentencing, the trial court's ruling is reviewed only for abuse of discretion. *Fletcher*, 649 N.E.2d at 1023.

In determining that a defendant is not entitled to a hearing on a motion to withdraw a guilty plea, our supreme court has stated that "by requiring such a motion to be verified and to contain facts in support of the relief demanded, and by expressly permitting the State to file counter-affidavits in opposition, the statute contemplates a summary proceeding. Convening a hearing is merely a discretionary option of the trial court." *Id.* Likewise, here, the convening of a hearing on Mescher's motion to withdraw his guilty plea was a discretionary option of the trial court. Therefore, we decline to find that the trial court erred in failing to conduct a hearing.

Affirmed.

SHARPNACK, C.J., and STATON, J., concur.