**Sharoun MOORE, Appellant–Defendant,**

v.

**STATE of Indiana, Appellee–Plaintiff.**

No. 79A02–9408–CR–487.

Court of Appeals of Indiana,
First District.

Dec. 27, 1994.

Thomas J. O'Brien, O'Brien & Morrissey, Lafayette, for appellant.

Pamela Carter, Atty. Gen., Preston W. Black, Deputy Atty. Gen., Indianapolis, for appellee.

## OPINION

BAKER, Judge.

In this case of first impression we decide whether a urine test revealing the presence of a controlled substance in the defendant's urine is sufficient to sustain a conviction under Indiana Code § 9–30–5–1(b) for Operating a Vehicle while having a Schedule I or II controlled substance in the blood, a Class C misdemeanor. Appellant-defendant Sharoun Moore claims the evidence is insufficient to sustain his conviction because the State failed to present evidence that he had marijuana, a controlled substance, in his blood.

### FACTS

The facts most favorable to the verdict reveal that on May 1, 1993, Indiana State Police Officer Robert Bass observed a vehicle traveling 88 miles per hour on Interstate 65 in Tippecanoe County, Indiana. When Officer Bass pulled behind the moving vehicle, he saw the driver and front seat passenger switch places. Moore, who had initially been riding in the passenger's seat, was driving the car when Officer Bass stopped it. In response to Officer Bass' questioning, the other individual in the car, Kenneth Robinson, indicated that he switched seats with Moore because he did not have a valid operator's license.

While searching the car, Officer Bass found a plastic bag containing 1.12 grams of cocaine and a metal scale on the floor. He also discovered a packet containing 0.27 grams of marijuana in Robinson's pocket. After informing Moore and Robinson of Indiana's Implied Consent Law[1], both agreed to submit to a urine test.[2] In addition, both individuals admitted that they had been smoking marijuana. The test results detected cannabinoids, which indicate the presence of marijuana, in each urine sample.

Following a jury trial, Moore was convicted of operating a vehicle with a controlled substance in the blood. The court sentenced Moore to 60 days imprisonment, imposed a $500.00 fine, and suspended his operator's license for one year.

### DISCUSSION AND DECISION

Moore raises one issue for our review which is whether the evidence is sufficient to sustain his conviction. When reviewing a sufficiency challenge, we do not reweigh the evidence or judge the credibility of witnesses. *Green v. State* (1992), Ind., 587 N.E.2d 1314, 1315. Instead, we consider the evidence most favorable to the verdict and any reasonable inferences to be drawn therefrom. *Id.* If an inference reasonably tending to support the verdict may be drawn from the evidence, the conviction will not be set aside. *Id.*

Specifically, Moore asserts that the evidence presented at trial is insufficient to sustain his conviction under I.C. § 9–30–5–1(b) because the State only submitted evidence that he had marijuana in his urine, rather than in his blood as required by the statute. I.C. § 9–30–5–1(b) provides, "A person who operates a vehicle with a controlled substance listed in schedule I or II of I.C. 35–48–2 in the person's blood commits a class C misdemeanor." Marijuana is a controlled substance listed in schedule I. *See* IND. CODE § 35–48–2–4(d).

When a statute is clear and unambiguous on its face, the court need not, and indeed may not, interpret the statute. *Whitacre v. State* (1993), Ind.App., 619 N.E.2d 605, 606. I.C. § 9–30–5–1(b) clearly provides that a person operating a vehicle with mari-

---

1. According to I.C. §§ 9–30–6–1 & 2, when a person operates a motor vehicle, the driver gives his implied consent to submit to chemical tests offered by an officer who has probable cause to believe the driver has committed a criminal offense under this chapter, IND.CODE § 9–30–5, IND.CODE § 9–30–9, or IND.CODE § 9–30–15. If the driver refuses to submit to a requested chemical test, his driving privileges will be suspended for one year. IND.CODE § 9–30–6–9. The type of chemical tests an officer may offer are analyses of blood, breath, urine or other bodily substances for the determination of the presence of alcohol, controlled substances, or drugs. IND.CODE § 9–13–2–22. Further, an officer may offer more than one chemical test. IND.CODE § 9–30–6–2(b)(2).

2. The record does not reveal that Moore or Robinson were asked to submit to breath or blood tests.

juana present in the person's blood commits a violation of the statute. Thus, at trial the State was required to present evidence that Moore had marijuana in his blood at the time he operated the vehicle.

Because no blood test was given to Moore, the State instead offered the results of his urine test which showed that he had marijuana in his urine. The State argues that the presence of marijuana metabolites in Moore's urine constitutes evidence from which the jury could infer that the same metabolites were present in Moore's blood.

The State fails to recognize that the clear and unambiguous language of the statute requires that marijuana be present in the person's blood. Had the legislature intended for controlled substances in an individual's urine to constitute a violation of the statute, it could have provided for such. See GA. CODE ANN. § 40–6–39(a)(5) (Georgia legislature provided that a person shall not drive a moving vehicle while there is any amount of marijuana or a controlled substance present in the person's blood or urine or both). Further, we refuse to assume that because marijuana was detected in Moore's urine, it was also present in his blood at the time he operated the vehicle. Moore testified that he had smoked marijuana three days prior to his arrest. Thus, the marijuana may no longer have been in his blood, yet still have been detectable in his urine. The State presented no evidence supporting an inference that if marijuana is in one's urine, it is also in one's blood. Because the State failed to offer evidence that Moore had marijuana in his blood, Moore's conviction under I.C. § 9–30–5–1(b) must be reversed.

Reversed.

NAJAM and BARTEAU, JJ., concur.