Dennis D. Graft, Graft, Owen & Hogan, Kendallville, for appellant.

Pamela Carter, Atty. Gen., Preston W. Black, Deputy Atty. Gen., Indianapolis, for appellee.

**Jason A. HOORNAERT, Appellant–Defendant,**

v.

**STATE of Indiana, Appellee–Plaintiff.**

No. 44A03–9412–CR–447.

Court of Appeals of Indiana.

June 29, 1995.

## OPINION

STATON, Judge.

Jason Hoornaert appeals his conviction for operating a vehicle with a controlled substance in his blood.[1] Hoornaert raises one issue on appeal which we restate as follows: whether the evidence was sufficient to support his conviction.

We reverse.

The facts most favorable to the judgment are as follows. Sheriff's Deputy Edward Flowers responded to a complaint that a van was "four-wheeling" in a yard. As Flowers approached the area, he received a report

---

1. Ind.Code § 9–30–5–1(b).

that the van had become stuck and two males had exited the van.

Shortly thereafter, Flowers saw Hoornaert and another man, Chad Grady, walking along the roadside. Flowers questioned the men and learned that Hoornaert was driving the vehicle when it became stuck in the yard. The men appeared nervous and did not follow directions well. Hoornaert had red, glassy eyes, his speech was slow, and his clothes were soiled. A portable breath test revealed that Hoornaert had not been drinking. Flowers patted down the men and found over fifty grams of marijuana on Grady.

Flowers, putting the men in his patrol car, noticed a slight odor of marijuana that he could not trace to either man. Upon retrieving the van, Flowers noticed, again, a smell of marijuana. The men were arrested and Flowers informed Hoornaert of the implied consent law and offered him a urine test which he refused.

Following a bench trial, Hoornaert was convicted of operating a vehicle with a controlled substance in his blood. Hoornaert appeals.

Hoornaert argues that the evidence was insufficient to support his conviction. He bases this argument on the complete lack of an analysis of his blood.

■ Our test for sufficiency of the evidence requires that we neither weigh the evidence nor resolve questions of credibility. We look only to the evidence of probative value and the reasonable inferences to be drawn therefrom which support the verdict. *Jones v. State* (1992), Ind., 589 N.E.2d 241, 242.

■ Hoornaert correctly notes that the State presented no evidence of his blood content and, indeed, conducted no test on his blood. The only scientific evidence the State presented was the testimony of Don Fry, a probation officer, who only testified to having run urinalyses on others and stated that he could only speculate as to how long marijuana might stay in someone's system.

The State replies that the trial court had sufficient evidence from which it could infer that Hoornaert had marijuana in his blood. The evidence of this, the argument goes, is that Hoornaert exhibited signs of impairment, demonstrably was not under the influence of alcohol, and showed consciousness of guilt.

■ While Hoornaert exhibited signs of impairment and refused a urinalysis, we cannot infer that he had marijuana in his blood. This court's opinion in *Moore v. State* (1994), Ind.App., 645 N.E.2d 6, is instructive. In that case, Moore's conviction for operating a vehicle with marijuana in his blood was based upon a urinalysis which indicated the presence of marijuana cannabinoids. Further, Moore admitted that he had smoked marijuana three days before his arrest. Despite this, we concluded that the presence of marijuana metabolites in Moore's urine was not enough to infer that the same metabolites were in his blood. *Id.*, at 8. As such, Moore's conviction was reversed.

Even accepting that Hoornaert was impaired by marijuana use, we cannot infer that traces of marijuana were in his blood. No evidence was presented as to how much marijuana one had to smoke before it would appear in one's blood. Further, while Hoornaert admitted smoking marijuana five days before the incident, we cannot infer that traces would remain in his blood almost a week later. Had the State wanted to charge Hoornaert with operating a motor vehicle while intoxicated from marijuana use, they should have done so. *See* I.C. § 9–30–5–2; I.C. § 9–13–2–86.

For these reasons, we conclude that the evidence was insufficient to support Hoornaert's conviction for operating a vehicle with a controlled substance in his blood.

Reversed.

HOFFMAN and KIRSCH, JJ., concur.