**Sevilla A. RHOADES, Appellant–Defendant,**

v.

**STATE of Indiana, Appellee–Plaintiff.**

No. 25A03–9506–CR–184.

Court of Appeals of Indiana.

Feb. 27, 1996.

Rehearing Denied May 21, 1996.

Sarah Houston Dicks, Heide Sandy Deets Kennedy & Antalis, Lafayette, for appellant.

Pamela Carter, Attorney General, Preston W. Black, Deputy Attorney General, Indianapolis, for appellee.

## OPINION

STATON, Judge.

Sevilla Rhoades ("Rhoades") appeals the denial of the withdrawal of her guilty plea. She presents two issues for our review which we consolidate into one and restate as: whether the trial court abused its discretion in not allowing Rhoades to withdraw her guilty plea.

We reverse and remand.

The facts most favorable to the State reveal that on March 9, 1993, Fulton County Deputy Sheriff Douglas Kline was dispatched to a two-car automobile accident. Deputy Kline asked Rhoades, who was the driver of one of the automobiles, for her license and registration. She produced her license and stated that her registration was in her glove box. Deputy Kline opened the door of Rhoades' automobile and observed a blue ceramic pipe on the front seat. The deputy noted that the pipe smelled of burned marijuana. Rhoades was taken to the hospital and Deputy Kline followed. The deputy informed Rhoades of Indiana's Implied Consent Law.[1] Rhoades provided blood and urine samples. Her blood sample tested negative for alcohol and the urine sample

---

1. IND.CODE § 9–30–6–1 (1993).

tested positive for cannabinoids and benzodiazepine.

On November 19, 1993, the State charged Rhoades with operating a vehicle with a controlled substance in her blood.[2] This offense was enhanced to a class D felony based on Rhoades' 1991 conviction of driving while intoxicated.[3] On November 30, 1994, Rhoades entered into a plea agreement which provided that she plead guilty to the operating charge.[4] That same day, the court conducted a guilty plea hearing and accepted Rhoades guilty plea.

After the guilty plea hearing, Rhoades hired new counsel. On February 15, 1995, Rhoades filed a motion to withdraw her guilty plea. On that same day, the trial court conducted a brief hearing and later denied Rhoades' motion. On March 8, 1995, the trial court conducted a sentencing hearing, in which the court entered judgment of a class A misdemeanor and sentenced Rhoades to one year of probation. This appeal ensued.

Rhoades contends that the trial court erred in denying her motion to withdraw her guilty plea. She argues that there is an insufficient factual basis for acceptance of her guilty plea.

The procedure to be used by a defendant in withdrawing a guilty plea before sentencing is set forth in IND.CODE § 35-35-1-4(b) (1993). The court shall grant such a request only if a defendant proves that withdrawal of the plea "is necessary to correct a manifest injustice." *Id.* The court must deny a motion to withdraw a guilty plea if the withdrawal would result in substantial prejudice to the State. *Id.* Except in these two circumstances, disposition of the petition is at the discretion of the court. *Id.; Coomer v. State,* 652 N.E.2d 60, 61-2 (Ind.1995). When the trial court denies a motion for withdrawal of a guilty plea, we will indulge a presumption in favor of the ruling. *Coomer, supra,* at 62; *Fletcher v. State,* 649 N.E.2d 1022, 1023 (Ind.1995). Only where the record shows that the trial court abused its

discretion is reversal warranted. *Bewley v. State,* 572 N.E.2d 541, 543 (Ind.Ct.App.1991), *trans. denied.*

A trial court may not accept a guilty plea unless satisfied that there is a sufficient factual basis for the plea. IND. CODE § 35-35-1-3(b) (1993). When sufficiency is challenged, we neither reweigh the evidence nor judge the credibility of witnesses. When there is substantial evidence of probative value to support the trial court's finding, we will uphold that finding. *Snowe v. State,* 533 N.E.2d 613, 618 (Ind.Ct.App. 1989).

A sufficient factual basis may be established in several ways: 1) by the State's presentation of evidence on the elements of the charged offenses; 2) the defendant's sworn testimony regarding the events underlying the charges; 3) the defendant's admission of the truth of the allegations in the information read in open court; or 4) the defendant's acknowledgment that she understands the nature of the crimes charged and that her plea is an admission of the charges. *Minor v. State,* 641 N.E.2d 85, 89 (Ind.Ct. App.1994), *trans. denied.*

We begin our analysis with the first method of establishing a factual basis. The State introduced several exhibits into evidence to prove the elements of the charges. One of the exhibits was a lab report which indicated that Rhoades' blood tested negative for alcohol. Record, p. 119. Another lab report stated that her urine tested positive for cannabinoids and benzodiazepine, which indicate the presence of marijuana. Record, p. 120. Thus, the State failed to offer evidence that Rhoades had marijuana in her blood, as required by the clear language of IC 9-30-5-1(b). *Estes v. State,* 656 N.E.2d 528 (Ind.Ct.App.1995); *Hoornaert v. State,* 652 N.E.2d 874 (Ind.Ct.App.1995); *Moore v. State,* 645 N.E.2d 6 (Ind.Ct.App.1994).

The second method is the defendant's sworn testimony regarding the events underlying the charges. *Minor, supra.* Here,

---

**2.** IND.CODE § 9-30-5-1(b) (1993).

**3.** IND.CODE § 9-30-5-3 (1993).

**4.** The State agreed to dismiss a pending charge of failure to yield. Record, p. 11.

there was no sworn testimony by Rhoades as to the facts underlying the charge. While there was a reading of the information by the prosecutor, there was no admittance of the allegations by Rhoades. The trial judge did not ask Rhoades whether she admitted the facts which would constitute the crime.[5] In addition, there was no verbal interchange between the trial judge and Rhoades regarding the effect of her plea as an admission. *See Snowe, supra,* at 618.[6] Thus, this method is also insufficient to establish a factual basis.

■ Third, Rhoades did not admit the truth of the allegations contained in the information. A proper factual basis is established where the prosecutor states the facts, the prosecutor reads the information, *the judge asks the defendant whether he admits the alleged acts, and the defendant admits the truth of the allegations. Stockey v. State,* 508 N.E.2d 793, 795 (Ind.1987); *Snowe, supra,* at 617–18 (emphasis added). It is true that the trial judge read the information in open court. Record, pp. 90–2. Immediately thereafter, the prosecutor read the relevant statutes. Record, pp. 92–6. Rhoades was asked if she understood the charges against her and the penalties. She was also asked if she understood that the State would have to prove the elements of the offenses beyond a reasonable doubt. Record, pp. 96–7. However, she was not asked whether she admitted the truth of the allegations in the information. Therefore, a sufficient factual basis was not established under this method.

■ Finally, the State argues that a sufficient factual basis was established under the fourth method, the defendant's acknowledgment that she understands the nature of the crimes charged *and* that her plea is an admission of the charges. *Minor, supra,* at 89 (emphasis added). As noted above, the information and relevant statutes were read in open court and Rhoades specifically stated that she understood the charges against her. Record, p. 96. However, a careful review of the record reveals that Rhoades was never asked nor did she state that her plea was an admission of the charges. The State attempts to circumvent the admission requirement by arguing that "Rhoades never expressed any doubt or lack of understanding that her plea would be an admission of the truth of all the facts included in the offense charged." Appellee's Brief at 9. However, because there is no statement in the record that indicates Rhoades' plea is an admission of the charges, the fourth method of establishing a factual basis also fails.

■ In accordance with the foregoing, there was an insufficient factual basis for Rhoades' guilty plea. Thus, we conclude that the trial court abused its discretion in not allowing Rhoades to withdraw her guilty plea. We reverse the denial of Rhoades' motion to withdraw her guilty plea and remand to the trial court for further proceedings not inconsistent with this opinion.[7]

Reversed and remanded.

5. *Compare Melton v. State,* 611 N.E.2d 666, 669 (Ind.Ct.App.1993), *trans. denied* (trial judge asked defendant whether he admitted the facts which would constitute the crime).

6. We note that evidence other than sworn testimony of the defendant may serve as an adequate factual basis. *Dearman v. State,* 500 N.E.2d 1161, 1163 (Ind.1986) (defendant's attorney stipulated there was a sufficient factual basis); *see also Zavesky v. State,* 514 N.E.2d 658, 659 (Ind.Ct.App.1987) (probable cause affidavit contained sufficient evidence of guilt). However, Rhoades did not stipulate to a sufficient factual basis, nor did she admit the truth as to any of the exhibits entered into evidence by the State. Furthermore, the probable cause affidavit does not establish that Rhoades had marijuana in her blood.

7. The State argues that Rhoades is not entitled to relief because her motion to withdraw her guilty

plea was not verified as required by IC 35–35–1–4(b). However, the State waived this argument by not objecting to the motion at the guilty plea hearing. In fact, the prosecutor noted that the motion was not verified and stated:

> The motion although I don't certainly would not ah ... I guess ask you to base your decision on this but the motion is also required to be verified which this one is not. I don't [think] that that's particularly critical in my mind.

Record, p. 136. When an objection is not properly brought to the attention of the trial court so that the court may rule on it at the appropriate time, that possible error is waived. *Palmer v. State,* 640 N.E.2d 415, 422 (Ind.Ct.App.1994). The objection must be at the time the error is made in order to preserve the issue for appeal. *Id.*

*See also Love v. State,* 514 N.E.2d 339, 343–44 (Ind.Ct.App.1987), *reh. denied* (even though mo-

HOFFMAN, J., concurs.

GARRARD, J., dissents with opinion.

GARRARD, Judge, dissenting.

I respectfully dissent. Pursuant to Ind.Evidence Rule 201(a) Indiana courts may (and shall if requested by a party) take judicial notice of facts that are not subject to reasonable dispute in that they are capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned.

We should judicially notice the fact that when metabolites of marijuana are present in a person's urine it is because they are also present in that person's blood. Judge Chezem cited two of the available and generally accepted sources for this fact in her dissent in *Estes v. State*, 656 N.E.2d 528 at 529. In so stating I recognize that it may be technically possible to inject such metabolites into a person's bladder using a hypodermic syringe or some such device, but the potential for that is so remote that absent any evidence to that effect judicial notice should apply. When illicit drugs are taken into the body by injection, inhalation or ingestion, they are absorbed in the blood, metabolized and excreted in the feces or urine. We should not, under the guise of statutory interpretation, ignore the simple physiological facts of life.

I believe that *Estes, Hoornaert* and *Moore*, relied on by the majority, were simply wrongly decided and should be overruled.

The evidence that Rhoades had marijuana metabolites in her urine at the time of the collision provided an adequate factual basis for her plea.

The trial court's decision should be affirmed.

tion to withdraw guilty plea was neither "in writing" nor "verified," the court addressed the merits of the defendant's contention due to the serious implications which surround the entry and acceptance of a guilty plea).