Sevilla A. RHOADES, Appellant
(Defendant below),

v.

STATE of Indiana, Appellee
(Plaintiff below).

No. 25S03–9608–CR–547.

Supreme Court of Indiana.

Dec. 31, 1996.

Sarah Houston Dicks, Heide Sandy Deets Kennedy & Antalis, Lafayette, for appellant.

Pamela Carter, Attorney General of Indiana, Preston W. Black, Deputy Attorney General, for appellee.

### ON PETITION TO TRANSFER

SULLIVAN, Justice.

We review defendant's claim that the trial court wrongly denied defendant's motion to withdraw her guilty plea. We affirm the trial court's decision.

*Background*

On March 9, 1993, defendant Sevilla A. Rhoades was involved in a two-car automobile accident. Fulton County deputy sheriff Douglas Kline was dispatched to the scene of the accident and upon arriving at the scene, asked defendant for her driver's license and registration. Defendant gave Officer Kline her driver's license and stated that her registration was in the glove compartment of her car. Officer Kline then opened the door of

defendant's car and observed a blue ceramic pipe on her front seat, which he noted smelled of burned marijuana. After viewing the scene, Officer Kline accompanied defendant to Woodlawn Hospital where defendant provided blood and urine samples. Defendant's blood tested negative for alcohol, but her urine tested positive for cannabinoids and benzodiazepne.

On November 19, 1993, defendant was charged with operating a vehicle with a controlled substance in her blood,[1] a class D felony.[2] Eleven days later, defendant entered into a plea agreement with the state, in which she pled guilty to the operating a vehicle with a controlled substance in her blood charge. The trial court conducted a guilty plea hearing and accepted defendant's guilty plea.

On February 15, 1995, defendant filed a motion to withdraw her guilty plea. After conducting a hearing on this issue, the trial court denied defendant's motion. Later, on March 8, 1995, the trial court entered judgment of conviction as a class A misdemeanor and sentenced defendant to one year probation.

Defendant appealed the trial court's denial of the motion to withdraw her guilty plea to the Court of Appeals. The Court of Appeals concluded that the factual basis for the guilty plea was insufficient and that therefore the trial court erred in denying defendant's motion to withdraw her guilty plea. *Rhoades v. State*, 661 N.E.2d 608 (Ind.Ct.App.1996). Judge Garrard dissented, maintaining that the court should take judicial notice that "when metabolites of marijuana are present in a person's urine it is because they are also present in that person's blood," thereby providing a sufficient factual basis for defendant's plea. 661 N.E.2d at 612 (Garrard, J., dissenting).

1. Ind.Code § 9–30–5–1(b) (1993).

2. The offense was enhanced to a class D felony under 9–30–5–3 (1993).

3. As the Court of Appeals aptly pointed out in its opinion, there are generally four distinct methods for showing a sufficient factual basis to support a guilty plea: "1) by the state's presentation of evidence on the elements of the charged offenses; 2) the defendant's sworn testimony re-

*Discussion*

■ A court may not accept a plea of guilty unless the court determines both that the plea is voluntary and that a sufficient factual basis exists to support the plea. Ind. Code § 35–35–1–3 (1993). "[A] factual basis exists when there is evidence about the elements of the crime from which a court could reasonably conclude that the defendant is guilty." *Butler v. State*, 658 N.E.2d 72, 77 (Ind.1995). "Relatively minimal evidence has sometimes been held adequate [to show sufficient basis]. *See, e.g., Lowe v. State* (1983), Ind., 455 N.E.2d 1126, 1129 (defendant's admission of guilt after prosecutor read all allegations adequately established factual basis)." *Id.; See also Id.* at n. 15 (listing cases). Determinations of sufficient factual bases need not turn into "veritable bench trial[s]." *Id.* at 77.

■ A trial court shall permit a defendant to withdraw a guilty plea if the defendant proves that it is necessary to correct a "manifest injustice." Ind.Code § 35–35–1–4(a). The court may not withdraw the plea if the state would be substantially prejudiced by its reliance on defendant's plea. *Id.* "The ruling of the court shall be reviewable on appeal only for an abuse of discretion." *Id.; Coomer v. State*, 652 N.E.2d 60, 61 (Ind.1995). Determinations of adequate factual bases are presumed to be correct. *Butler*, 658 N.E.2d at 77.

■ Defendant argues, and the Court of Appeals agreed, that the state's presentation of evidence on the elements of the charged crime could not provide a sufficient factual basis for defendant's guilty plea since there was not a blood test showing presence of marijuana, as is arguably required by Ind. Code § 9–30–5–1(b).[3] The Court relied on

garding the events underlying the charges; 3) the defendant's admission of the truth of the allegations in the information read in open court; or 4) the defendant's acknowledgment that she understands the nature of the crimes charged and that her plea is an admission of the charges. *Minor v. State*, 641 N.E.2d 85, 89 (Ind.Ct.App.1994), *trans. denied*." 661 N.E.2d at 610. The Court of Appeals found that a sufficient factual basis could not be shown here under any of the four

three Court of Appeals opinions in reaching its conclusion: *Estes v. State,* 656 N.E.2d 528 (Ind.Ct.App.1995); *Hoornaert v. State,* 652 N.E.2d 874 (Ind.Ct.App.1995); and *Moore v. State,* 645 N.E.2d 6 (Ind.Ct.App.1994).

In *Moore,* Sharoun Moore was convicted of operating a vehicle with a controlled substance in his blood. The state had presented at trial results of a urine test indicating the presence of marijuana in his urine at the time of his arrest. Moore appealed his conviction, claiming that the evidence presented at trial was insufficient to sustain his conviction since the state did not show that marijuana was present in defendant's blood, as required by statute. The Court of Appeals applied the standard of review applicable for reviewing convictions on appeal,[4] "refuse[d] to assume that because marijuana was detected in Moore's urine, it was also present in his blood at the time he operated the vehicle," and concluded that the evidence supporting the conviction was insufficient. 645 N.E.2d at 8.

*Moore* was relied upon by the courts in both *Estes* and *Hoornaert.* In *Estes,* Vincent Estes was also convicted of operating a vehicle with a controlled substance in his blood. Estes provided a urine sample, which tested positive for the presence of marijuana metabolites, and the state offered this evidence at trial. Citing *Moore,* the Court of Appeals concluded that the state failed to present sufficient evidence that defendant had marijuana in his blood and therefore reversed defendant's conviction. 656 N.E.2d at 529. In that case, Judge Chezem dissented:

> [a]fter use, marijuana and its metabolites persist in the plasma for several days and up to several weeks; during this time it is detectable in the urine.... I believe that

Indiana courts have an obligation to take judicial notice of commonly known medical facts.... Estes tested positive for marijuana in his urine. Therefore, marijuana was present in his blood.

656 N.E.2d at 530 (Chezem, J., dissenting).

In *Hoornaert,* the defendant, who was convicted of operating a vehicle with a controlled substance in his blood, refused to provide a urine sample after being arrested. As such, the state did not offer either a blood test or a urine test at trial. Instead, the state offered evidence such as defendant's red, glassy eyes and slowed speech at the time he was arrested. Again, citing *Moore,* the Court of Appeals reversed defendant's conviction, claiming that the state had failed to present sufficient evidence.

■ We disagree with the Court of Appeals that *Estes, Moore,* and *Hoornaert* are controlling in this case. This is because the procedural posture of the case here and those in *Estes, Moore,* and *Hoornaert* are not the same. In *Estes, Moore,* and *Hoornaert,* the defendants were appealing their *convictions* for operating a vehicle with a controlled substance in the blood. In contrast, here, defendant is appealing only a denial of a motion to withdraw her guilty plea. The difference in what is being appealed here from what was being appealed in cases like *Moore, Estes,* and *Hoornaert* is important in that the standard of review for determining a sufficient factual basis to support a guilty plea is not the same as the standard of review for determining sufficient evidence to support a conviction. The standard applicable for reviewing a sufficient factual basis to support a guilty plea is less stringent. The Court of Appeals did not apply the appropriate standard of review here.[5]

---

methods. Because we conclude that a sufficient factual basis does exist under the first method above, we focus our analysis here only on that method.

4. The Court of Appeals applied the well established standard of review for reviewing convictions on appeal: considering only "the evidence most favorable to the verdict and any reasonable inferences to be drawn therefrom ... [and][i]f an inference reasonably tending to support the verdict may be drawn from the evidence, the conviction will not be set aside." 645 N.E.2d at 7.

5. The Court of Appeals stated "When sufficiency [sufficient factual basis for a guilty plea] is challenged, we neither reweigh the evidence nor judge the credibility of witnesses. When there is substantial evidence of probative value to support the trial court's finding, we will uphold the finding." 661 N.E.2d at 610. The Court cited *Snowe v. State,* 533 N.E.2d 613, 618 (Ind.Ct. App.), for this proposition. This is the appropriate standard of review for reviewing sufficiency of the evidence for a conviction. It is not the same as the abuse of discretion standard, which is applicable in reviewing denials to withdraw a

■ Furthermore, the test necessary to prove a sufficient factual basis to support a guilty plea is not the same as that required to support a conviction. A trial court may find a sufficient factual basis to support a guilty plea "when there is evidence about the elements of the crime from which a court could reasonably conclude that the defendant is guilty." *Butler,* 658 N.E.2d at 77. In contrast, a trial court may not enter a judgment for conviction unless the evidence shows guilt beyond a reasonable doubt. *United States v. Talbott,* 78 F.3d 1183 (7th Cir.1996); *Moriarity v. State,* 620 N.E.2d 696 (Ind.1993). "Reasonably concluding" guilt is not the same as concluding guilt beyond a reasonable doubt.

■ Applying the appropriate standard of review here and keeping in mind the test necessary to determine a sufficient factual basis to support a guilty plea, we conclude that the trial court's decision to deny defendant's motion to withdraw her guilty plea must stand. As already stated above, on appeal we will review a trial court's determination regarding sufficient factual basis for abuse of discretion only. Ind.Code § 35–35–1–4(a); *Coomer,* 652 N.E.2d at 61. "An abuse of discretion will be found where 'the trial court's decision is clearly against the logic and effect of the facts and circumstances before the court, or if the trial court has misinterpreted the law.'" *In re Della Lustgarten Nathan Trust,* 638 N.E.2d 789, 790 (Ind.1994) (quoting *McCullough v. Archbold Ladder Co.,* 605 N.E.2d 175, 180 (Ind. 1993)). The trial court here was presented with ample evidence of defendant's guilt, including the facts that: Rhoades was involved in an automobile accident; there was a pipe on her front seat that smelled of burned marijuana; and her urine contained marijuana metabolites. From this evidence, we have no doubt that the trial court's determination of a sufficient factual basis to support the guilty plea here was not clearly against the logic and effect of the facts before it, as the court was presented with evidence that reasonably could reflect guilt. The trial court did not abuse its discretion in denying defendant's motion to withdraw her guilty plea.

■ We also wish to add that to the degree that the Court of Appeals here concluded that Ind.Code § 9–30–5–1(b) absolutely requires a blood test to show a violation of that section, we disagree. Ind.Code § 9–30–5–1(b) merely makes it a crime to operate a vehicle with a controlled substance in that person's blood. It does not provide for a particular means of proving such. A violation of that section certainly may be proven by a blood test that indicates the presence of a controlled substance. In fact, that would provide the most compelling means of proving a violation. But in the event that a blood test is not presented for whatever reason, we believe it may be possible to prove a violation of this section with other evidence. One such type of other evidence may be the presence of a controlled substance in the urine. However, we are unable to adopt Judge Garrard's view that a court may judicially notice that if a controlled substance is present in the urine, it is automatically present in the blood. We think it would be necessary to prove this assertion with other evidence, possibly given by an expert in that field.[6]

### Conclusion

We conclude that the trial court did not abuse its discretion in denying defendant's motion to withdraw her guilty plea and therefore vacate the decision of the Court of Appeals and affirm the decision of the trial court to deny defendant's motion to withdraw her guilty plea.

SHEPARD, C.J., and DICKSON, SELBY and BOEHM, JJ., concur.

guilty plea. To the extent that the court in *Snowe* applied the standard of review for determining sufficient evidence to sustain a conviction when reviewing whether there was a sufficient factual basis to support a guilty plea, we disapprove.

6. We think the court in *Moore* may have been saying just this when it said insufficient evidence was presented for a conviction of operating a vehicle with a controlled substance in the blood where the state "presented no evidence supporting an inference that if marijuana is in one's urine, it is also in one's blood." *Moore,* 645 N.E.2d at 8.