## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

Dec 20 2019, 7:42 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

R. Patrick Magrath
Alcorn Sage Schwartz & Magrath, LLP
Madison, Indiana

ATTORNEYS FOR APPELLEE

Curtis T. Hill, Jr.
Attorney General of Indiana

Josiah Swinney
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| Timothy A. Ebertshauser, <br> *Appellant-Defendant,* <br><br> v. <br><br> State of Indiana, <br> *Appellee-Plaintiff.* | December 20, 2019 <br><br> Court of Appeals Case No. 19A-CR-746 <br><br> Appeal from the Scott Circuit Court <br><br> The Honorable Jason Mount, Judge <br><br> Trial Court Cause No. 72C01-1811-F5-62 |

**Pyle, Judge.**

# Statement of the Case

Timothy Ebertshauser ("Ebertshauser") appeals the trial court's denial of his motion to withdraw his guilty plea. Concluding that the trial court did not abuse its discretion when it denied Ebertshauser's motion, we affirm the trial court's denial.

We affirm.

# Issue

Whether the trial court abused its discretion when it denied Ebertshauser's motion to withdraw his guilty plea.

# Facts

In December 2017, a confidential informant purchased methamphetamine from Ebertshauser. The informant was wearing audio and video recording devices, and sheriff's department deputies were monitoring the transaction. The State subsequently charged Ebertshauser with Level 5 felony dealing in methamphetamine.

At a January 2019 hearing, the trial court advised Ebertshauser as follows:

> I must be satisfied that you fully understand your constitutional rights, that your plea of guilty is made freely and voluntarily and that you, in fact, committed the crime.

(Tr. at 4). The trial court also asked Ebertshauser if he understood that, by pleading guilty, he would "be admitting to the offense as charged, [he'd] be

judged guilty and sentenced without a trial." (Tr. at 809). Ebertshauser responded that he did. Thereafter, Ebertshauser admitted under oath that he had "knowingly or intentionally deliver[ed] methamphetamine, pure or adulterated, to another individual." (Tr. at 11). The trial court responded as follows:

> Upon your plea of guilty, the Court will find that you are guilty. We'll accept, approve and order this agreement. We'll find that Timothy A. Ebertshauser is 28 years of age, that he understands the nature of the charge against him to which he is pleading guilty, that he understands the potential penalties for the crime. His plea is feely and voluntarily made and there is a factual basis for the plea. Court accepts the plea of guilty and finds Timothy Ebertshauser guilty of count I, dealing in methamphetamine.

(Tr. at 11-12). Thereafter, the trial court ordered a presentence investigation report and scheduled a sentencing hearing.

[5] At the February 2019 sentencing hearing, Ebertshauser orally moved to withdraw his plea. According to Ebertshauser, he had seen the probable cause affidavit in the presentence investigation report and there was information in the affidavit that led him to believe that he could be acquitted at trial. The trial court set the matter for a hearing and directed Ebertshauser to file a written motion to withdraw his guilty plea. In response, Ebertshauser filed an unverified written motion, which requested that the trial court withdraw the guilty plea but did not set forth specific facts supporting the request.

The trial court held a hearing on the motion in March 2019.  At the hearing, Ebertshauser argued that:  (1) he had not pled guilty at the January 2019 hearing; and (2) after reading the probable cause affidavit that was attached to the presentence investigation report, he did not believe there was sufficient evidence to sustain a conviction.  At the end of the hearing, the trial court noted that Ebertshauser had:  (1) pled guilty pursuant to a signed and filed plea agreement; and (2) established a factual basis for the guilty plea.  Thereafter, the trial court denied his motion to withdraw his guilty plea.  Ebertshauser appeals the denial of his motion.

## Decision

At the outset, we note that INDIANA CODE § 35-35-1-4(b) provides that the motion to withdraw the guilty plea "shall be in writing and verified."  The statute further provides that the motion "shall state the facts in support of the relief demanded[.]"  *Id.*  Ebertshauser's motion was not verified and did not include the facts in support of the relief demanded.  He has therefore waived appellate review of this issue.  *See Carter v. State*, 739 N.E.2d 126, 128 n.3 (Ind. 2000) (explaining that a defendant's failure to submit a verified, written motion to withdraw a guilty plea generally results in waiver of the issue of wrongful denial of the request).

Waiver notwithstanding, we find no error.  After a defendant has entered a guilty plea, the defendant may withdraw the plea only by obtaining the permission of the trial court.  I.C. § 35-35-1-4(b).  The trial court must grant a motion to withdraw a guilty plea "whenever the defendant proves that

withdrawal of the plea is necessary to correct a manifest injustice." *Id*. The trial court may grant the motion "for any fair and just reason unless the state has been substantially prejudiced by reliance on the defendant's plea." *Id*. The defendant "has the burden of establishing the grounds for relief by a preponderance of the evidence." I.C. § 35-35-1-4(e). We review the trial court's ruling for an abuse of discretion, I.C. § 35-35-1-4(b), which occurs when the ruling is clearly against the logic and effect of the facts and circumstances before the trial court. *Rhoades v. State*, 675 N.E.2d 698, 702 (Ind. 1996).

[9] As a general matter, we will not second-guess a trial court's evaluation of the facts and circumstances because the trial court "is in a better position to weigh evidence, assess the credibility of witnesses, and draw inferences." *Moshenek v. State*, 868 N.E.2d 419, 424 (Ind. 2007). The trial court's ruling on a motion to withdraw a guilty plea "arrives in this Court with a presumption in favor of the ruling," and the appellant faces a "high hurdle" in seeking to overturn the ruling. *Croomer v. State*, 652 N.E.2d 60, 62 (Ind. 1995).

[10] Ebertshauser first argues that the trial court abused its discretion when it denied his motion to withdraw his guilty plea because he did not plead guilty at the January 2019 hearing. According to Ebertshauser, withdrawal of his plea is necessary to correct this manifest injustice. However, our review of the transcript of that hearing reveals that Ebertshauser pled guilty when he admitted under oath that he had "knowingly or intentionally deliver[ed] methamphetamine, pure or adulterated, to another individual." (Tr. at 11).

The trial court accepted this plea and found Ebertshauser to be guilty of dealing in methamphetamine. Ebertshauser's argument therefore fails.

[11] Ebertshauser further argues that the trial court erred in denying his motion to withdraw his guilty plea because information in the probable cause affidavit led him to believe that he could be acquitted at a trial. According to Ebertshauser, this information provides a fair and just reason for withdrawing his plea. Ebertshauser, however, has failed to set forth specific facts supporting his claim. He has, therefore, failed to meet his burden to show his grounds for relief by a preponderance of the evidence. *See Smith v. State*, 596 N.E.2d 257, 259 (Ind. Ct. App. 1992) (explaining that a defendant has the burden to prove with specific facts that he should be permitted to withdraw his plea). The trial court did not abuse its discretion in denying Ebertshauser's motion to withdraw his guilty plea.

Affirmed.

May, J., and Crone, J., concur.