IN THE NEBRASKA COURT OF APPEALS

**MEMORANDUM OPINION AND JUDGMENT ON APPEAL**
**(Memorandum Web Opinion)**

STATE V. MALLORY

NOTICE: THIS OPINION IS NOT DESIGNATED FOR PERMANENT PUBLICATION
AND MAY NOT BE CITED EXCEPT AS PROVIDED BY NEB. CT. R. APP. P. § 2-102(E).

STATE OF NEBRASKA, APPELLEE,

V.

LEAH MALLORY, APPELLANT.

Filed September 1, 2020.    No. A-19-1185.

Appeal from the District Court for Colfax County: CHRISTINA M. MARROQUIN, Judge. Affirmed.

Erik C. Klutman, of Sipple, Hansen, Emerson, Schumacher, Klutman & Valorz, for appellant.

Douglas J. Peterson, Attorney General, and Kimberly A. Klein for appellee.

PIRTLE, BISHOP, and WELCH, Judges.

WELCH, Judge.

INTRODUCTION

Leah Mallory appeals her plea-based conviction for driving under a period of revocation. She contends that the district court erred in finding the State presented a sufficient factual basis to support her plea; that the court erred as a matter of law in failing to apply the reasoning and holding of *State v. Hernandez*, 283 Neb. 423, 809 N.W.2d 279 (2012); and that she received ineffective assistance of trial counsel. For the reasons set forth herein, we affirm.

STATEMENT OF FACTS

The State initially charged Mallory with driving during a period of revocation, in violation of Neb. Rev. Stat. § 60-6,197.06 (Cum. Supp. 2018), a Class IV felony; careless driving, an infraction; and having an open alcoholic beverage container in a passenger area of her vehicle, an

infraction. Pursuant to a plea agreement, Mallory pled no contest to driving under a period of revocation and the State dismissed the remaining charges.

The State provided a factual basis which set forth that on January 5, 2019, at around 5 p.m., law enforcement responded to a vehicle stuck on railroad tracks. A sheriff's deputy contacted Mallory, who identified herself as the vehicle's driver. She did not have any identification and stated that she was using her cell phone to get directions when she went off the road and her car became stuck on the railroad tracks. Upon checking the status of Mallory's license, the deputy learned that Mallory was driving under a 15-year revocation. Additionally, Mallory stated that she knew she was not supposed to be driving. Exhibit 1, the certified judgment of Mallory's 2009 conviction for third-offense driving under the influence, was received into evidence with no objection. Exhibit 1 established that Mallory was

> ordered to apply for and obtain an ignition interlock permit and install an ignition interlock device on each motor vehicle that she owns after she has completed seven (7) years of license revocation from the date of June 1, 2009. Installation of an ignition interlock device shall remain on all vehicles owned by [Mallory] for the balance of the 15 year operator's license revocation period.

At the plea hearing, defense counsel stated "I guess I would represent to the Court that [Mallory] does have the interlock in her car now."

During the sentencing hearing, Mallory stated to the district court: "I know that I made a mistake. And it will not happen again. I had had the intoxilate (sic) in my car for a couple of years, and then there was a twelve-day period where I did not have it. And then as soon as I was bailed from jail I got it back on there. It will not happen again." The court responded:

> All right. I have considered the presentence investigation and your age, your criminal history, I know that you're currently employed full time, the nature of the offense and what occurred. Miss Mallory, I think this is - there's a fine line here between whether you're a candidate for probation or not. And that fine line is that you're ordered not to drive. You're ordered to have an ignition interlock in your vehicle. And your record reflects quite a substantial amount of DUIs. Which concerns me that there was alcohol found in your vehicle, that the officer noted an odor of alcohol on your breath. You had a [driving under revocation] charged and reduced to a [driving under suspension] in 2006. So this isn't the first time.
>
> . . . .
>
> It appears that [you] were originally charged with driving under a revoked license out of that case.
>
> And your scores for truthfulness are also concerning.
>
> That being said, I do recognize that you've done probation successfully in the past, and it seems to be that supervision is helpful for you so that you don't continue.
>
> So what I'm going to do in this case is, I do not feel just a term of probation is sufficient. I would impose incarceration at a much greater level, but what I'm going to do is I'm going to give you a short term of jail in addition to a probation order rather than a sentence to an institution.

The court sentenced Mallory to 3 years' probation, ordered her to serve 30 days in jail, and revoked her operator's license for 15 years. She was given credit for 3 days previously served. Mallory has timely appealed to this court and is represented by different counsel than represented her during her plea and sentencing.

## ASSIGNMENTS OF ERROR

Mallory assigns as error that (1) the district court erred in finding that the State presented a sufficient factual basis to support her plea of no contest, and her conviction of, driving under a period of revocation; (2) the district court erred in failing to apply the reasoning and holding of *State v. Hernandez*, 283 Neb. 423, 809 N.W.2d 279 (2012); and (3) that her trial counsel was ineffective in (a) advising her to plead no contest, (b) advising her to plead to § 60-6,197.06 when the correct criminal charge should have been based on a violation of Neb. Rev. Stat. § 60-6,211.05(5) (Cum. Supp. 2018), and (c) in failing to object or introduce evidence of Mallory's driving record including the possession of a valid interlock permit.

## STANDARD OF REVIEW

A trial court is afforded discretion in deciding whether to accept guilty pleas, and an appellate court will reverse the trial court's determination only in the case of an abuse of discretion. *State v. Ettleman*, 303 Neb. 581, 930 N.W.2d 538 (2019).

Whether a claim of ineffective assistance of trial counsel may be determined on direct appeal is a question of law. *State v. Mrza*, 302 Neb. 931, 926 N.W.2d 79 (2019). In reviewing claims of ineffective assistance of counsel on direct appeal, an appellate court decides only whether the undisputed facts contained within the record are sufficient to conclusively determine whether counsel did or did not provide effective assistance and whether the defendant was or was not prejudiced by counsel's alleged deficient performance. *Id.*

## ANALYSIS

### SUFFICIENCY OF FACTUAL BASIS PROVIDED BY STATE

Mallory first assigns that the State's factual basis was insufficient to support her conviction because the State failed to assert, as a part of its factual basis, that Mallory drove on a revoked license without an ignition interlock permit.

As stated before, Mallory was charged and pled to a violation of § 60-6,197.06(1) which provides in relevant part:

Unless otherwise provided by law pursuant to an ignition interlock permit, any person operating a motor vehicle on the highways or streets of this state while his or her operator's license has been revoked pursuant to section 28-306, section 60-698, subdivision (4), (5), (6), (7), (8), (9), or (10) of section 60-6,197.03, or section 60-6,198, or pursuant to subdivision (2)(c) or (2)(d) of section 60-6,196 or subdivision (4)(c) or (4)(d) of section 60-6,197 as such subdivisions existed prior to July 16, 2004, shall be guilty of a Class IV felony, and the court shall, as part of the judgment of conviction, revoke the operator's license of such person for a period of fifteen years from the date ordered by the court and shall issue an order pursuant to section 60-6,197.01. Such revocation and order shall be

administered upon sentencing, upon final judgment of any appeal or review, or upon the date that any probation is revoked.

Mallory now argues that although her license had been revoked, the presentence investigation report revealed that she "may" have obtained an interlock permit prior to the date of the offense. Specifically, she argues the fact that she had been issued speeding citations following her 15-year revocation without being charged for violating § 60-6,197.06(1) suggests that she had obtained an interlock permit and was utilizing the interlock device on previous occasions and simply failed to have the interlock device installed at the time of the current violation. As such, Mallory argues that pursuant to the Nebraska Supreme Court's holding in *State v. Hernandez*, 283 Neb. 423, 809 N.W.2d 279 (2012), she should have been charged with a violation of § 60-6,211.05(5) for failing to operate a vehicle which is not equipped with an ignition interlock device in violation of court orders and not a violation of § 60-6,197.06(1) for failing to obtain an interlock permit. Mallory also argues that the State's failure to offer evidence in its factual basis that Mallory failed to obtain an ignition interlock permit prior to driving created an insufficiency of the State's factual basis in that the State failed to provide facts supporting that element of the offense and that Mallory's plea should be vacated due to this deficiency.

As it relates to the sufficiency of a factual basis to support a crime, the Nebraska Supreme Court recently stated in *State v. Ettleman*, 303 Neb. at 589-90, 930 N.W.2d at 544:

> We have long stated that a trial court is accorded discretion in deciding to accept a guilty plea. See *State v. Clemens,* [300 Neb. 601, 915 N.W.2d 550 (2018)]. However, we are aware that we have not spoken on the particular level of probable guilt for the factual basis inquiry. We are further aware that there is a range of "proof" which various courts have required. For example, some courts have held that a court does not need to be convinced beyond a reasonable doubt that the defendant is guilty, e.g., *Maes v. State*, 114 P.3d 708 (Wyo. 2005), but only that the record demonstrates the facts to support the elements of the offense, e.g., *Rhoades v. State*, 848 N.W.2d 22 (Iowa 2014), or that the factual basis must supply evidence about the elements from which the court could reasonably conclude that the defendant is guilty, e.g., *Rhoades v. State*, 675 N.E.2d 698 (Ind. 1996). However, the comment to the ABA Standards for Criminal Justice, Pleas of Guilty, Standard 14-1.6(a), commentary at 68 (3d ed. 1999), has summarized this area and stated as follows: "The matter is left largely to the discretion of the judge, as the circumstances of the case will dictate both the degree and kind of inquiry that is necessary. This approach is consistent with the Federal Rules of Criminal Procedure and most other authorities, except for the Model Code of Pre-Arraignment Procedure, which states that there must be 'reasonable cause' to believe the defendant is guilty. The purpose of this language, according to the commentary to that provision, is to assure at the taking of a guilty plea that there is at least a factual showing sufficient to hold a defendant after a preliminary hearing."

After engaging in that discussion, the Nebraska Supreme Court never resolved the issue of the proper level of probable guilt for the factual basis inquiry because the court held:

> We determine that in this case, we need not resolve the issue of the proper level of probable guilt for the factual basis inquiry because under each of the standards, the factual

basis was not sufficient and the Court of Appeals did not err when it found that the factual basis for felony child abuse was insufficient.

*State v. Ettleman*, 303 Neb. 581, 590, 930 N.W.2d 538, 544 (2019).

Mallory urges our court to reach a similar conclusion here. In connection therewith, Mallory argues that under the language of § 60-6,197.06, the failure to obtain an interlock permit is an element of this offense, and that under any standard, the State's failure to offer any facts about Mallory's failure to procure the permit renders its factual basis insufficient.

Assuming without deciding that failure to obtain a permit is an element of § 60-6,197.06, and, assuming without deciding, that the State was obligated to include some factual basis to support this element, we note another statement by the Nebraska Supreme Court in *Ettleman*. After finding that the State's factual basis was insufficient to support the offense, the Nebraska Supreme Court held:

> In this case, we have a dubious factual basis and no statement from Ettleman that the factual basis is sufficient to support a conviction for the charge to which she is pleading. Our opinion today should not be read to preclude a defendant from being treated as having waived an objection to the sufficiency of the State's factual basis where the record of a plea colloquy demonstrates that the trial court specifically asked the defendant or his or her counsel whether the factual basis provided by the State is sufficient to support the plea and the defendant failed to object to its sufficiency upon inquiry by the court.

*State v. Ettleman*, 303 Neb. at 594, 930 N.W.2d at 547.

Here, following the State's pronouncement of its factual basis, which we detailed earlier in this opinion, the following colloquy ensued between the court, Mallory, and her counsel:

> THE COURT: [Defense counsel], do you wish to address [the] factual basis today?
> [Defense Counsel]: No, Your Honor.
> THE COURT: Miss Mallory, then, given everything we've gone over, do you still want to accept your plea?
> THE DEFENDANT: Yes.
> THE COURT: [Defense counsel], do you believe your client's plea is consistent with the facts and the law as you understand them?
> [Defense Counsel]: Yes, Your Honor.
> THE COURT: And do you believe your client is entering this plea freely, voluntarily, knowingly and intelligently?
> [Defense Counsel]: Yes, Your Honor.
> THE COURT: Do you have any reason I should not accept her plea?
> [Defense Counsel]: No, Your Honor.

It was only following this colloquy that the court accepted Mallory's plea. Unlike *Ettleman*, the record in the instant case presents a clear case where the district court provided both Mallory and her counsel a clear opportunity to object to the sufficiency of the State's factual basis and they failed to do so while affirmatively asserting that the plea was consistent with the facts and the law

being applied. On this record, we hold that Mallory waived her objection to the sufficiency of the State's factual basis. Thus, Mallory's first assignment of error fails.

## APPLICATION OF *STATE V. HERNANDEZ*

Mallory next argues that the district court erred in failing to apply the Nebraska Supreme Court's reasoning set forth in *State v. Hernandez*, 283 Neb. 423, 809 N.W.2d 279 (2012).

In *Hernandez*, the Nebraska Supreme Court clarified that § 60-6,197(1) applies to those who operate a motor vehicle following a license revocation "'unless a person has an interlock permit,'" while § 60-6,211.05(5) applies to those that operate a motor vehicle following a license revocation who have a valid ignition interlock permit but operate a vehicle that is not equipped with an ignition interlock device. *State v. Hernandez* at 427, 809 N.W.2d at 283. In short, as we understand Mallory's argument here, Mallory asserts that because the district court should have inferred Mallory had an interlock permit, the district court erred in accepting her plea for a violation of § 60-6,197(1), when she should have been charged with a violation for § 60-6,211.05(5).

We first note that the provisions contained in § 60-6,211.05(5) referenced by the Nebraska Supreme Court in *Hernandez* appear to have been transferred, in 2012, to Neb. Rev. Stat. § 60-6,211.11 (Cum. Supp. 2018). Second, assuming that Mallory had obtained a valid interlock permit (which Mallory never directly asserts and no direct evidence of such fact exists in the record before this court) then either she or her counsel should have objected to the sufficiency of the factual basis when the district court provided both Mallory and her counsel the opportunity to do so prior to accepting Mallory's plea as discussed in the last section. Because there is no direct evidence in this record that Mallory obtained an interlock permit prior to the date of the offense in this matter, and because Mallory waived any claim that the State's factual basis was insufficient to support her plea to a violation of § 60-6,197.06, Mallory's claim that the State charged her with violating the wrong statute based upon the holding in *State v. Hernandez* fails.

## INEFFECTIVE ASSISTANCE OF COUNSEL

Mallory's final assigned error is that her trial counsel was ineffective in advising her to plead no contest, advising her to plead to § 60-6,197.06 when the correct criminal charge should have been based on a violation of § 60-6,211.05(5), and failing to object or introduce evidence of Mallory's driving record including the possession of a valid interlock permit.

Mallory is represented on direct appeal by different counsel than trial counsel. When a defendant's trial counsel is different from his or her counsel on direct appeal, the defendant must raise on direct appeal any issue of trial counsel's ineffective performance which is known to the defendant or is apparent from the record; otherwise, the issue will be procedurally barred in a subsequent postconviction proceeding. *State v. Weathers*, 304 Neb. 402, 935 N.W.2d 185 (2019). The fact that an ineffective assistance of counsel claim is raised on direct appeal does not necessarily mean that it can be resolved. *State v. Sierra*, 305 Neb. 249, 939 N.W.2d 808 (2020). This is because the trial record reviewed on appeal is generally devoted to issues of guilt or innocence and does not usually address issues of counsel's performance. *Id.* The determining factor is whether the record is sufficient to adequately review the question. *Id.*

Appellate courts have generally reached ineffective assistance of counsel claims on direct appeal only in those instances where it was clear from the record that such claims were without merit or in the rare case where trial counsel's error was so egregious and resulted in such a high level of prejudice that no tactic or strategy could overcome the effect of the error, which effect was a fundamentally unfair trial. *State v. Weathers, supra.* An ineffective assistance of counsel claim will not be addressed on direct appeal if it requires an evidentiary hearing. *State v. Sierra, supra.*

When a claim of ineffective assistance of trial counsel is raised in a direct appeal, the appellant is not required to allege prejudice; however, an appellant must make specific allegations of the conduct that he or she claims constitutes deficient performance by trial counsel. *State v. Lierman*, 305 Neb. 289, 940 N.W.2d 529 (2020). General allegations that trial counsel performed deficiently or that trial counsel was ineffective are insufficient to raise an ineffective assistance claim on direct appeal. *State v. Weathers, supra.* In order to know whether the record is insufficient to address assertions on direct appeal that trial counsel was ineffective, appellate counsel must assign and argue deficiency with enough particularity (1) for an appellate court to make a determination of whether the claim can be decided upon the trial record and (2) for a district court later reviewing a petition for postconviction relief to be able to recognize whether the claim was brought before the appellate court. *Id.* An ineffective assistance of counsel claim made on direct appeal can be found to be without merit if the record establishes that trial counsel's performance was not deficient or that the appellant could not establish prejudice. *Id.*

To prevail on a claim of ineffective assistance of counsel under *Strickland v. Washington*, 466 U.S. 668, 104 S. Ct. 2052, 80 L. Ed. 2d 674 (1984), the defendant must show that his or her counsel's performance was deficient and that this deficient performance actually prejudiced the defendant's defense. *State v. Iddings*, 304 Neb. 759, 936 N.W.2d 747 (2020). To show deficient performance, a defendant must show that counsel's performance did not equal that of a lawyer with ordinary training and skill in criminal law. *State v. Sierra, supra.* In a plea context, deficiency depends on whether counsel's advice was within the range of competence demanded of attorneys in criminal cases. *State v. Blaha*, 303 Neb. 415, 929 N.W.2d 494 (2019). When a conviction is based upon a guilty or no contest plea, the prejudice requirement for an ineffective assistance of counsel claim is satisfied if the defendant shows a reasonable probability that but for the errors of counsel, the defendant would have insisted on going to trial rather than pleading guilty. *Id.* A reasonable probability is a probability sufficient to undermine confidence in the outcome. *State v. Weathers*, *supra*. The two prongs of the ineffective assistance of counsel test under *Strickland v. Washington, supra*, may be addressed in either order, and the entire ineffectiveness analysis should be viewed with a strong presumption that counsel's actions were reasonable. *State v. Weathers, supra.*

Here, Mallory claims that her trial counsel was ineffective in advising her to plead to a violation of § 60-6,197.06(1) and/or not introducing evidence that she properly obtained an interlock permit prior to the date of the offense. Because the record is insufficient to demonstrate whether Mallory did, in fact, obtain an interlock permit prior to the date of the offense, we cannot resolve these specific claims of ineffective assistance of counsel on direct appeal.

CONCLUSION

In sum, we reject Mallory's claims that the district court erred in finding that the State presented a sufficient factual basis to support her plea of no contest for the charge of driving under a period of revocation and that the district court erred in failing to apply the reasoning and holding of *State v. Hernandez*, 283 Neb. 423, 809 N.W.2d 279 (2012). We further find that the record on direct appeal is insufficient to resolve Mallory's claims of ineffective assistance of trial counsel. Consequently, Mallory's conviction and sentence are affirmed.

AFFIRMED.